## Cone *versus* Donaldson.

*Right of prothonotary to recover tax on writs from the person for whom they were paid.—Liability of attorney for officers' fees.—Interest on fees and taxes paid by officer, when recoverable.*

1. The Act of April 6th 1830, imposing state taxes on original writs and other proceedings, is constitutional: and a prothonotary who pays such taxes may recover them, in *assumpsit*, from the person for whom they were paid.

2. An attorney at law is personally liable to the prothonotary for fees in suits wherein he was either plaintiff or plaintiff in interest, as also for fees received by him, as attorney or client, due to the prothonotary.

3. If the prothonotary have performed the services for which suit is brought, he is entitled to recover, though he has not in all respects literally complied with the letter of the law: the remedy of the defendant for any damages sustained by the neglect of the prothonotary is by action.

4. Where an equitable owner of land sells a part by deed with general warranty, the remainder is bound in equity for the purchase-money of the whole tract: and where it appeared that the defendant, after the decease of the equitable owner, had purchased at an Orphans' Court sale the residue of the land, he was held, in ejectment on the legal title, on payment of the purchase-money verdict (a less sum than his bid at the Orphans' Court sale), not entitled to contribution from the plaintiff, who held the title first conveyed by deed of general warranty; and was not allowed to set it off in a suit for fees.

5. The prothonotary is entitled to recover interest upon the taxes and fees for issuing writs from the time of the issue, unless there is an agreement for credit, and then, from the time of the credit. On fees for services during the progress of a suit, after final judgment or settlement of the case; and on fees received as attorney, if he was guilty of unreasonable or vexatious delay in paying them over, interest is due from the time of receipt, without proof of previous demand.

ERROR to the Common Pleas of *Tioga county.*

This was an action of *assumpsit* brought, January 25th 1861, by J. T. Donaldson against A. P. Cone, to recover his fees as prothonotary and the state taxes, in which the defendant was personally interested, or was concerned as attorney, commencing in 1847, and ending at the date of the suit.

[Cone *v.* Donaldson.]

The items of the plaintiff's claim consisted of state taxes for writs, fees for entering judgments, issuing executions, writs of *sci. fa.*, filing papers, court fees, &c., amounting with interest to $561.32.

The defendant objected to this claim for the reason that the dockets were not so kept as to exhibit good and valid judgments in cases where he had charged for entering judgments. That the judgments not having been entered according to law, and as plaintiff was in duty bound to enter them, he could not therefore recover for his fees, as far as the charges against him personally were concerned; and as to those fees which he had received as attorney for his clients, he could not recover, because he did not receive them, except as the attorney of his clients, the client was responsible and not he; and that at all events, a suit could not be maintained in either class of cases, until a demand had been made upon him for them. The defendant claimed also that he was not liable to pay interest, because costs do not draw interest; and because second, interest cannot be claimed until demand had been made upon him in either class of cases. No note or memorandum was made of the issuing of *sci. fa.* (of which there were several charged for), when the original was entered in the judgment-docket. So also of executions. Fees were charged for judgment-docket entry, when there was no judgment-docket kept. The defendant offered in evidence a judgment in his favour against Chester Cady, which had been entered since the commencement of the "Judgment-Docket F," and claimed the amount of the judgment and costs should be offset, on the ground that the plaintiff had not entered said judgment on any legal judgment-docket, so that it could be enforced against purchaser or mortgagees; and second, that he had not brought forward on to the judgment-docket a large bill of costs, which said costs he claimed should be offset also. Defendant also offered in evidence another judgment which he claimed should be offset, because there was no date at all of its entry either in the record or margin. Defendant also offered in evidence the record of an ejectment for two tracts of land, upon which a conditional verdict was returned for the purchase-money, which amounted to $559.66. On the 23d October 1855, one tract of this land belonged to plaintiff and the other to defendant, and defendant was compelled to pay all the purchase-money to save his own lot.

The defendant presented the following points:—

1. That the judgment of A. P. Cone *v.* Chester Cady, No. 16, February Term 1860, is a legal offset. The defendant, as prothonotary, having neglected to enter the same in any proper judgment-docket, he became thereby liable to pay the same to said Cone.

2. That the costs in this case not having been entered at all

[Cone v. Donaldson.]

in the appearance or judgment docket by the defendant, as prothonotary, the same are a legal offset to plaintiff's demand against defendant for costs.

3. That the prothonotary having neglected to enter the date of the time of entry of the judgment of A. P. Cone v. Mr. Boardman, No. —, on either the appearance or judgment docket, he has become liable to pay the amount of said judgment and costs to said Cone, and it is therefore a legal offset in this case.

4. That the money paid by defendant to J. N. Bache, to relieve the property of plaintiff from the effect of the verdict in ejectment, should be offset in this case, pro rata, according to the relative value of the two lots.

5. That the defendant, being a suitor in court, would not be liable to be sued for the fees of the clerk, without a demand first having been made upon him for the payment of said fees. That as far as plaintiff's demand in this case relates to fees against him personally, this suit cannot be sustained.

6. That portion of plaintiff's claims for fees, received by defendant as attorney for other persons, cannot be recovered in this suit, without proof of demand previous to bringing this suit.

7. That fees do not draw interest; at all events, they would not draw interest until after they had been demanded.

Under the ruling of the court below (MERCUR, P. J.), there was a verdict and judgment in favour of the plaintiff. Whereupon the defendant sued out this writ, presenting twenty-four specifications of error, all of which are classified and disposed of in the opinion of this court.

*Thomas Allen,* for plaintiff in error.

*S. F. Wilson* and *J. Emery,* for defendant.

The opinion of the court was delivered, May 4th 1864, by

READ, J.—This is an action brought by the prothonotary of the Common Pleas of Tioga county against an attorney of that court, for fees and state taxes running through a period of fifteen years. Mr. Donaldson has been prothonotary since 1845, the year that Mr. Cone was admitted to the bar. The difficulty in this case has originated in a system of credit, instead of cash, which, however inconvenient to the gentlemen of the bar, should be strictly adhered to, and what proves that this should be the practice is, that one of the bars to the recovery of the state taxes set up by the defendant is, that the plaintiff should have demanded and received them when the original writs were issued.

There are eighteen bills of exception and twenty-four specifications of error, and a verdict for $390.17, and it is stated in the defendant's counter-statement that the plaintiff's evidence

[Cone *v.* Donaldson.]

consisted of, *inter alia,* the records and docket entries of costs in about two hundred suits in which the defendant himself was plaintiff, or plaintiff in interest.   The plaintiff in error's paper-book is confused, and in several important particulars shown to be erroneous by the counter-statement of the defendant in error. We cannot therefore be expected to deal in detail with these multitudinous specifications, but shall proceed to state some principles which dispose of them in classes.

We hold the state taxes on original writs and other proceedings, imposed by the 3d section of the Act of April 6th 1830, Brightly's Purd. 956, to be constitutional, and that the prothonotary having paid them, was entitled to sue for and recover them in this suit.   That the defendant was personally liable to him for all fees due him in suits in which he was the plaintiff, or the plaintiff in interest, and for all fees due the prothonotary received by him, either as attorney or client.   That if the prothonotary has performed the services, but has not in all instances literally complied with the letter of the law, he is entitled to his fees, and if the defendant has sustained any damage, which is nowhere alleged on the record, his remedy is by action.   There is no proof in this case that Mr. Cone ever lost a single cent by any neglect imputed to Mr. Donaldson.

The claim to set off the money paid to relieve the land purchased by the defendant from the effect of the verdict in ejectment, *pro rata,* according to the relative value of the two lots, is entirely unfounded.   The equitable owner of the two lots, sold the one subsequently purchased by Mr. Donaldson for its full value, and gave a deed of general warranty; the other lot remained in the possession of the equitable owner, and was, of course, in equity bound for the whole of the unpaid purchase-money.   After the death of the owner this lot was sold, and purchased by Mr. Cone, who, when he paid the amount of the conditional verdict, had no recourse, either in law or equity, to Mr. Donaldson, the owner of the lot first sold.

The charge of the court upon the subject of a demand, and the allowance of interest, seems to be as favourable as the defendant could ask, and we see nothing in any of the specifications of error requiring a more special notice.   We hope that this unwise system of credit, and of mutual accounts of fees and costs between the different officers of the courts, will be stopped, and that we shall not be again favoured with the recapitulation of such numerous suits in any court in which one of its officers figures in the character of plaintiff.

Judgment affirmed.

Agnew, J., was absent at Nisi Prius when this case was argued.