## Tax on Public Assistance Bonds

RENO, Attorney General, June 9, 1939.—You have requested an opinion as to whether or not the State tax of 50 cents should be collected by the prothonotary and subsequently paid to the Department of Revenue of the Commonwealth of Pennsylvania on the $5,000 bonds now being entered of record by the Department of Public Assistance of Pennsylvania in the office of the prothonotary of the courts of common pleas in the counties of Pennsylvania.

The Act of April 6, 1830, P. L. 272, sec. 1, 72 PS §3171, provides:

". . . the officers hereinafter mentioned within this commonwealth, are hereby authorised to demand and receive, in addition to the fees heretofore required by law, *the following sums for and on account of the commonwealth*, which shall be paid by the parties applying for the process or services mentioned, and which sum *shall be taxed in the bill of costs*, to abide the event of the suit, and be paid by the losing party: The prothonotary of the supreme court, exercising appellate jurisdiction, shall demand and receive on every writ of error issued or appeal entered by him, the sum of three dollars and fifty cents." Section 3 of said act provides:

"That the prothonotaries of the courts of common pleas and of the district courts, and the prothonotary of the

supreme court having original jurisdiction, and the court of nisi prius of this commonwealth, shall demand and receive *on every original writ issued out of said courts,* (except the writ of habeas corpus,) and on the entry of every amicable action, the sum of fifty cents; on every writ of certiorari issued to remove the proceedings of a justice or justices of the peace or aldermen, the sum of fifty cents; *on every entry of a judgment by confession or otherwise,* where suit has not been previously commenced, the sum of fifty cents; and on every transcript of a judgment of a justice of the peace or alderman, the sum of twenty-five cents." (Italics supplied.)

The constitutionality of this act was upheld in the case of Cone v. Donaldson, 47 Pa. 363, 366, where the court said:

"We hold the state taxes on original writs and other proceedings, imposed by the 3d section of the Act of April 6th 1830, Brightly's Purd. 956, to be constitutional, and that the prothonotary having paid them, was entitled to sue for and recover them in this suit."

This case also indicates that the tax need not be collected at the time the writ is issued or judgment entered, but may be noted and collected later.

Subsequent acts provide for monthly returns by the prothonotary to the Department of Revenue, with penalty for failure to make returns: The Fiscal Code of April 9, 1929, P. L. 343, secs. 901, 903.

The power of taxation is one of the three essential powers of sovereignty. A relinquishment of it cannot be presumed in the absence of an express stipulation: Bank of Pennsylvania v. The Commonwealth, 19 Pa. 144; City of Philadelphia v. Union Passenger Ry. Co., 2 W. N. C. 425.

Is there anything in the above Act of 1830 which would show an intention on the part of the sovereign to tax itself? Is the sovereign taking the fund out of one pocket (the Treasury) and putting it back into the same

pocket (the Treasury)? In the case of Commonwealth v. Pure Oil Co. et al., 303 Pa. 112 (1931), municipalities of the State were held to be exempt from payment of the liquid fuels tax imposed by the Act of May 1, 1929, P. L. 1037. The court held that exception or exemption in the case of the sovereign was unnecessary; that unless the act expressly stated that the sovereign should pay the tax, the sovereign was exempt. To quote from the decision:

"We have many times said that while the State may, by a general statute, tax subordinate governmental agencies in matters affecting the performance of their governmental duties, the presumption is that this was not intended, and nothing short of an *expressed or necessarily implied purpose to tax them* will suffice to make them liable therefor. The legislature knew, for it was bound to know, of our oft-repeated statement to that effect; hence its failure to express its intention to impose the tax, in the act under consideration, can only mean that it did not intend to impose it under the circumstances stated. That the presumption is as above expressed, so clearly appears in a number of cases, including Directors of the Poor of Schuylkill County v. School Directors of N. Manheim Twp., 42 Pa. 21, 24-5; County of Erie v. City of Erie, 113 Pa. 360; Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635; Wilkinsburg Boro. v. School District, 298 Pa. 193; Robb v. Phila., 25 Pa. Superior Ct. 343, and is so well known, that it is not necessary to quote from them." (Italics supplied.)

At this point the case of Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 305, 307, may be noticed:

" 'The general business of the legislative power is to establish law *for individuals, not for the sovereign;* and, when the rights of the commonwealth are to be *transferred or affected,* the intention must be plainly expressed or necessarily implied.' " (Italics supplied.)

This rule of construction applies not only to statutes but also to constitutions. And again:

"The State cannot be deprived of its rights as a sovereign by inference, it must be done by appropriate constitutional or legislative action."

The present policy of the Department of Public Assistance is *to enter judgment on the bond only in cases where the recipient of assistance owns or becomes the owner of real estate.* In entering the bond, the Commonwealth would not really be paying the tax to the prothonotary, and hence through the Department of Revenue to the State Treasury, but would merely be advancing the tax to collect the debt, due by the recipient, plus interest and costs. In other words, the incidence of the tax falls on the obligor recipients who will ultimately pay the tax with the debt due to the Commonwealth. The payment would, however, be advanced by the Department of Public Assistance. This would involve an expenditure of State money for a tax which the Commonwealth is not legally required to pay; moreover it means the depletion in the appropriation of the Department of Public Assistance. On the payment of the bonds, the fund is paid, not into the Department of Public Assistance, but into the General Fund of the State Treasury.

In view of the above, we are of the opinion, and you are therefore advised, that the State tax of 50 cents cannot be collected by the prothonotary from the Department of Public Assistance of the Commonwealth of Pennsylvania, the sovereign, and subsequently paid into the State Treasury through the Department of Revenue of the Commonwealth of Pennsylvania, on bonds which may be entered of record by the Department of Public Assistance in the office of the prothonotary of the courts of common pleas in the counties of Pennsylvania. However, since the incidence of the tax falls on the obligor, the prothonotary should note the tax on the docket. If and when collection is made on the bond, the tax should be added to the other

costs and paid by the obligor on the bond to the prothonotary, the prothonotary to be exonerated from accounting for said tax until such time as the amount due on the bond is collected.