# Directors of the Poor of Schuylkill County *versus* School Directors of North Manheim Township.

*Poor House not Taxable for School Purposes.*

A county poor-house is not taxable for school purposes by the school directors of the township wherein it is situated.

ERROR to the Common Pleas of *Schuylkill county.*

This was an amicable action between the school district of the township of North Manheim and the directors of the poor and house of employment in and for the county of Schuylkill.

By a special act approved April 4th 1831, the poor in Schuylkill county were made a county charge. In pursuance

| 42 | 21 |
|----|----|
| 204 | 641 |
| 42 | 21 |
| e 22 SC | 334 |
| 22 SC | 374 |
| 42 | 21 |
| 25 SC | 346 |

of this act the people of the county were incorporated into a *quasi* corporation, by the name of "The Directors of the Poor and House of Employment in and for the County of Schuylkill," executing the provisions of this act by means of their annual elections of directors of the poor. The directors, in pursuance also of this act, had purchased for the county one hundred and sixty acres of land, or thereabouts, and erected a large almshouse, insane department, hospital, barn, and other buildings necessary for the comfortable keeping and convenience of the county poor; which real estate and buildings were situate in the township of North Manheim, and were assessed by the school board of the school district of that township with a school tax for the year 1861.

To settle the liability of the directors of the poor in the premises, the following case was stated for the opinion of the court :—

"The board of school directors of the said school district assessed the property of the defendant in the said district, consisting of one hundred and sixty acres of land, and the buildings thereon, duly assessed and valued at $15,000, with a school tax of seven mills on the dollar, amounting in the aggregate to $105, for the school year of 1861, and that the said district is now demanding of the defendant the amount of the said assessment.

If the court be of the opinion that the defendant should pay the said sum of $105 to the said plaintiff, then judgment shall be entered for the plaintiff; if not, then judgment shall be entered for defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein."

On argument, the court below ordered judgment to be entered in favour of the plaintiff. Whereupon the defendant sued out this writ, assigning the judgment of the court on the case stated for error.

*George H. Clay,* for plaintiff in error, contended that the court erred, 1. In not holding the assessment to be void. 2. In not holding any statute now in force authorizing one municipal corporation to tax the property of another to be unconstitutional; and 3. In not holding the assessment of the property of the directors of the poor made by the school board to be unconstitutional *per se.*

Every government has the right to protect and preserve itself. To do so, it must provide for and maintain the poor. The manner of doing so is by taxation. The Commonwealth provided, by a general statute in 1836, a system of laws whereby the support

of the poor was made a local municipal charge, and the Common-wealth was relieved from directly supporting them. The town-ships and boroughs were districted by that system, and each made liable for the support of its own poor, except in those counties where the borough and township liabilities, by special legislation, were consolidated into a county liability.

Has the school district of the township of North Manheim the right to assess this property of the directors with a school tax? Unless there be a statute making the property liable for this school tax, the assessment for such purpose is void. The pro-perty assessed belongs to a municipal body; not to a private corporation or individual; and the assessment is made by another municipal body. The rule of law is that a municipal corporation is not included in the general words of a statute unless specially named: Bl. Com., Vol. 1, 262; 1 Bishop Crim. Law 86; Bac. Abridg., Vol. 3, 407; Commonwealth v. Johnson et al., 6 Barr 136; Bagley v. Wallace, 16 S. & R. 245; Commonwealth v. Baldwin, 1 Watts 54; McKeehan v. Commonwealth, 3 Barr 151; City of Erie v. Knapp, 5 Casey 173; Haehnlen v. Commonwealth, 1 Harris 617; Piper v. Singer, 4 S. & R. 354; The Williamsport and Elmira Railroad Co. v. Commonwealth, 9 Casey 288; Schaffer v. Cadwallader, 12 Casey 126; People v. Gilbert, 18 Johns. R. 227; 2 Wallace, Jr., C. C. R. 72; Troutman v. May, 9 Casey 459; The County of Susquehanna v. Dean et al., 9 Casey 131; Williams v. Controllers, 6 Harris 275; Wilson v. Commissioners of Hunting-don County, 7 W. & S. 197, 199; 8 Casey 382; Northern Liber-ties v. St. John's Church, 1 Harris 107. Nor are they governed by the same rules of law by which the people in their individual capacity are governed. When they are, it is the exception and not the rule. Nor, for the same reasons, does their real estate, which they are authorized to hold for public use, belong to that class of things real which are subjected to the triennial assess-ment, which was only intended to include the property, real and personal, of citizens in their individual capacity, and of corpo-rations other than those of a municipal character.

If the directors must pay the tax, they draw on the county fund for that purpose. This fund is the poor tax, which is assessed and collected by authority of the county commissioners, and appropriated by the directors as often as their purposes require it. If any portion of it is applied towards the maintenance of the schools in North Manheim district, it is a perversion of the purpose for which it was paid. The tax-payers of the county are obliged to pay a school tax to support the schools in the boroughs and townships where they live and where their property is situated, but are not obliged to pay collectively a tax collected under the name of a poor tax towards supporting the schools

[Directors of Poor *v.* School Directors.]

in that particular district.    See Piper *v.* Singer, 4 S. & R. 354;
Sharpless *et al. v.* The Mayor, &c., of Philadelphia, 9 Harris 147,
and the authorities therein cited on the subjects of taxation.

*F. W. Hughes,* for defendant in error.—The Act of 4th April
1831, creating the Schyulkill county almshouse, authorizes the
plaintiffs in error to hold real estate to any extent, provided the
annual income therefrom does not exceed $10,000 per annum,
and personal property without limit, and to acquire the same by
gift, bequest, &c.    In this act there is not a word exempting
any of this property from taxation.

The General School Law of 1854, copied from the School Law
of 1849, makes taxable, in each school district, for school pur-
poses, all "subjects and things made taxable in the same for
state *or* county purposes."

By the Revenue Act of the 29th April 1844, § 32, "All real
estate, viz., houses, lands, &c., and all other real estate, not
exempt by law from taxation," "shall be valued and assessed,
and subject to taxation for the purposes in this act mentioned,
and for all state and county purposes whatsoever."

On the 16th April 1838, the legislature enacted a law exempt-
ing from "road, county, city, borough, poor, and school tax,
*inter alia,* all school-houses belonging to any school district,
court-houses, jails," &c.

In 1839, the legislature passed an act limiting and restricting
the exemption provided by the Act of 1838, to but five acres,
thereby expressly making the excess of five acres subject to
taxation.

On the 10th April 1849 (see Pamph. Laws, p. 599), the legis-
lature enacted a special law, specially exempting the "buildings
and grounds of the house for the employment and support of the
poor of Schuylkill county, and all personal property belonging
to the same," from taxation, "except for state and road pur-
poses."

As this property was thus expressly declared, on the 10th
April 1849, subject to taxation for state and road purposes, the
General School Act of 1854 makes all subjects and things sub-
ject to taxation for state *or* county purposes taxable for school
purposes; and as this special act declares this poor-house pro-
perty liable to taxation for state purposes, it is difficult to per-
ceive how the property of the plaintiffs in error (now one hundred
and sixty acres of land and buildings) shall escape the school
tax.

The opinion of the court was delivered, February 3d 1862, by
LOWRIE, C. J.—May the school-directors tax the county poor-

[Directors of Poor v. School Directors.]

house situated in their township? Most certainly not, unless there be some very express enactment authorizing it. If there can be any common law relative to taxation, this must be one of its most elementary precepts; because it is a manifest dictate of common sense, and because the contrary is absurd, unless under very special circumstances.

Tax the poor-house to support the schools? Why this would be to take the poor *taxes* to support the schools; and the people must be taxed to pay the officers who perform such foolish service. If we require the townships, counties, towns, cities, and state, and the road, school, and poor authorities, to tax each other, we shall furnish fees enough for several hundred officers engaged in transferring from one public body to another the taxes which it has collected for its public purposes. These poor taxes must be collected to support the school and roads, and school taxes to support the poor, and so all around. Surely it is not too much to say this is absurd. The public is never subject to tax laws, and no portion of it can be without express statute. No exemption law is needed for any public property, held as such. And declaring the poor-house exempt from all but state and road taxes (Act of 20th April 1849, P. L. 599) is really saying nothing unless state and road taxes be also expressly laid. They are not imposed by implication. Besides, it is only where, by general law, property is taxable for state or county purposes, that it becomes taxable for school purposes.

> Judgment reversed, and judgment for defendant below, and record remitted.