## The County of Erie *versus* The City of Erie.

1. A municipality is not subject to the general tax laws, and its property owned and used for public purposes is not taxable unless specifically made so by law.

2. There was no law making a municipality subject to taxation upon its property owned and used for public purposes prior to the adoption of the Constitution of 1874. Neither the Constitution nor any Act since its adoption makes it subject to taxation as such property.

3. A municipality is not subject to a county tax on an engine house, owned and used by it for public purposes.

April 29th, 1886. Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of January Term 1886, No. 459.

Case stated wherein the county of Erie was plaintiff and the city of Erie was defendant, as follows:

1. That the city of Erie is a municipal corporation, duly incorporated by an Act of Assembly, approved April 14th, 1851, P. L. 631, and others, amendatory thereof, and supplementary thereto, and is located in the county of Erie.

2. That the said city is the owner of a piece of land in the Third ward of said city, upon which is erected an engine house; that said engine house is used exclusively for fire purposes, and is necessary therefor; that the said land and building have been assessed by the assessors of said ward for the year 1885, at the sum of $9,140. That the said city is also the owner of six horses, which are used in operating the fire department of said city and necessary therefor, which said horses have been assessed at the sum of six hundred dollars.

3. That the county commissioners of Erie county have levied a tax for the year 1885, of three mills upon each dollar of valuation of said real and personal property, amounting to twenty-nine and twenty-two one-hundredths (29.22) dollars, payment of which tax has been duly demanded.

4. That the fire department of the city of Erie is maintained at the expense of said city to prevent the destruction of property by fire; and no revenue whatever is derived therefrom.

If upon the above facts the Court be of the opinion that said property is legally subject to taxation by the county of Erie, then judgment shall be entered in favor of the plaintiff and against the defendant for the sum of twenty-nine and twenty-two one-hundredths dollars, with costs of suit; but if the

Court shall be of the opinion that said property is not liable to taxation for county purposes, then judgment to be entered in favor of the defendant for costs, either party to be entitled to a writ of error to the Supreme Court.

The Court, GALBRAITH, P. J., entered judgment for the defendant, filing the following opinion :

The question here presented is whether the property of the city, owned and used in carrying on the municipal government, and necessary to that end, is liable to be taxed for county purposes.   That no such claim would have been set up before the adoption of the new Constitution of 1874, and the Act of Assembly passed May 14th, 1874, is conceded, but it is argued that the law is now different, made so, it is urged, by the first and second sections of the ninth Article of the Constitution, and by the first section of the statute referred to. The language of the Constitution is as follows: " All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious service, places of burial not used or held for private or corporate profit, and institutions of purely public charity.   All laws exempting property from taxation other than the property above enumerated, shall be void."

The Act of Assembly of May 14th, 1874, was no doubt intended to specify what property was meant to be exempt from taxation, but the only public property therein specifically mentioned as such, are school houses, court houses and jails.   Hospitals, universities, and other institutions of benevolence or charity, although they might be public property, are evidently not included for that reason, but because of their being benevolent or charitable enterprises.   The argument is that all public property not covered and exempted by the specific terms of the Act must be taxable.   In this view I cannot agree.   It is, as appears by its title, an Act to exempt from taxation, and can only be held to have reference to the property therein specifically enumerated.   It cannot affect other property not mentioned.   It was held by the Supreme Court in Coatsville Gas Company v. County of Chester, 97 Pa. St., 476, that Article IX., sections 1 and 2 of the present Constitution, did not execute themselves so as to repeal any existing laws providing for the assessment and collection of taxes, but that they merely imposed restrictions upon future legislation.   It was further held in the same case that the Act of May 14th, 1874, was an exemption Act.   It was not an Act to impose a tax

upon property before exempt, but to exempt the property therein specifically mentioned.

The investigation of the legal question presented by this case naturally resolves itself into two queries, namely: First, was the property described the subject of taxation before the Constitution of 1874, and if not, has it been made so subject by the terms of that instrument or by the subsequent legislation referred to?

That it was not subject to taxation prior to 1874 is conceded, and the reason for such exemption is found in the general rule that the public is never subject to have its property, with which the machinery of government is carried on, sold for taxes. Municipal corporations, counties, cities or townships are parts of the state government. They are local depositories of limited and prescribed political powers to be exercised for the public good within their respective boundaries. Why should they tax the property of each other any more than each should tax its own property, or that the property of the state itself should pay taxes? In the case of Directors of the Poor *v.* School Directors, 42 Pa. St., 21, Chief Justice LOWRIE, delivering the opinion of the Supreme Court, said: "May the school directors tax the county poorhouse situated in their township? Most certainly not, unless there be some very express enactment authorizing it. If there can be any common law relative to taxation, this must be one of its most elementary precepts; because it is a manifest dictate of common sense and because the contrary is absurd, unless under very special circumstances.

"Tax the poorhouse to support the schools? Why this would be to take the poor taxes to support the schools; and the people must be taxed to pay the officers who perform such foolish service. If we require the townships, counties, towns, cities and state, and the road, school and poor authorities to tax each other, we shall furnish fees enough for several hundred officers engaged in transferring from one public body to another the taxes which it has collected for its public purposes. Then poor taxes must be collected to support the school and roads, and school taxes to support the poor, and so all around. Surely it is not too much to say that this is absurd. The public is never subject to tax laws, and no portion of it can be without express statutes. No exemption law is needed for any public property held as such."

The same doctrine is laid down by Judge DILLON in his work on Municipal Corporations, § 614: "The general statutes of the state upon the subject of taxing property undoubtedly refer to private property and not to that owned by the state, and in view of the public nature of municipalities and

the purposes for which they are established, heretofore explained, the author is of opinion that such enactments do not by implication extend to any property owned by them ; certainly to none owned by them for public uses."

In Frank v. Freeholders, 39 N. J. L., 347, the Court says : " When the buildings are those of a municipal corporation, a fundamental rule of public policy compels the Courts to arrest the proceedings before the buildings are touched."

The same rule was held in People v. Doe, 36 Cal., 222, SANDERSON, J., saying : " The Constitution and laws upon the subject of taxing property are therefore to be understood as referring to private property and persons, and not as including public property of the state, or any subordinate part of the state government, such as counties, towns, and municipal corporations."

In the case of People v. Solomon, 51 Ill., 52, Chief Justice BREESE, speaking of the South Park Commissioners as a corporation and of the park property, said : " But holding it, they hold it as a public corporation for public purposes, and was it ever heard that the property, real or personal, of a public municipal corporation was subject to taxation ? "

Further authority for this position will be found in Cooley on Taxation, pages 130 and 131 ; also pages 56 to 59 inclusive, and notes ; Worcester v. Worcester, 116 Mass., 193 ; Wayland v. County Commissioners, 4 Gray, 501.

The new Constitution made no change in the existing law so far as this case is concerned or the question at issue here. Public property was before the adoption of the new Constitution exempt from taxation, not by statute or by constitutional provision, but from the reason and necessity of things. As said in the case of Directors of the Poor of Schuylkill County v. School Directors of North Manheim Township, 42 Pa. St., 21, already cited : " If there can be any common law relative to taxation this must be one of its most elementary principles." The exemption did not depend upon any statute. The cases referred to by counsel for plaintiff, in which it has been held that this section of the Constitution was a repeal of certain statutes exempting private property from taxation, can have no bearing on the question here involved. There was no statutory provision to be repealed, either by implication or otherwise. I am of the opinion that the law remains as it was prior to the adoption of the Constitution of 1874, and that the Act of Assembly of that year contains nothing to justify the imposition of the tax sought to be enforced by the plaintiff. It was an exempting Act, and it would be strange indeed if an enactment which, by its title and entire tenor, was meant to define what property should be exempt from

liability, could be so construed as to subject public property to taxation which was not so liable before the Constitution of 1874, which was not made liable by that instrument, and which is not even referred to by the terms of the Act of Assembly under which it is claimed that the alleged new liability has attached. Article IX. of the Constitution defines clearly in general terms what kind of property may be exempted, and names first in the list "public property used for public purposes." The second section provides that all laws exempting property from taxation, other than the property enumerated, shall be void. Certainly the legislature could then have included without violation of the Constitution municipal property, which is in every respect quite as much public property as a court house or a jail, in the enumeration of exempt property in the Act of 1874. That it was not so specifically included should not subject it to liability in the entire absence of any express or affirmative provision making it so subject. The vague and obscure proviso at the close of the first section of the Act can hardly be held sufficient to revolutionize all previous practice and the common and long-standing invariable consent and usage by which such public property has always been held not to be subject to taxation. And in this connection it is well to recur to the general rule already referred to, and which is supported by abundance of authority, viz.: That the general statutes of a state on the subject of taxation are to be considered as having reference to private property and not to that owned by the state or by counties, cities, towns, or other divisions of the general body politic. I am of the opinion that on the facts presented in the case stated the property described is not liable to taxation for county purposes, and accordingly judgment is hereby entered in favor of the defendant for costs.

The plaintiff thereupon took this writ, assigning for error the judgment of the Court for the defendant.

*Frank Gunnison*, for plaintiff in error.—Since the adoption of the new Constitution, and the passage of the Act of 14th May, 1874, all existing exemption laws were repealed, and all property of a class which was included in the provisions of existing tax laws—it mattered not for what purpose it was used, or by whom owned—was rendered liable. Recognizing the propriety of allowing certain exemptions, authority was granted the legislature by general laws to exempt in certain enumerated cases.

If the construction of the constitutional provision herein claimed is correct, the omission of such property from the operation of the exemption law of 1874 is alone sufficient to

establish its liability.   But to make the meaning more clear, the proviso of the Act declares "that all property, real and personal, other than that which is in actual use and occupa tion for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempted by law, for state purposes, and nothing herein contained shall exempt the same therefrom:" Chadwick v. Maginnes, 13 Norris, 117.

The learned judge in the court below, bases his opinion as to the construction of the constitution partly on the ruling of this Court in Coatsville Gas Co. v. The County of Chester, 1 Out., 476, and other cases there cited, "that Article IX. sections 1 and 2, of the present constitution did not execute themselves so as to repeal any existing laws providing for the assessment and collection of taxes, but that they merely imposed restrictions on future legislation." He does not, it seems to me, discriminate between the provisions so far as they relate to laws "providing for the assessment and collection of taxes," and exemption laws.   The second section expressly declares that all exemption laws other than those authorized by the first section shall be void: Township of Londonderry v. Berger, 2 Pearson, 230; Lehigh Iron Co. v. Lower Macungie, 31 P. F. S., 482; Wagner Institute v. Philadelphia Leg. Int. of January 22d, 1886.

*Theo. A. Lamb* for defendant in error.—Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in adopting them.   A state may, if the legislature sees fit, tax all property owned by its municipal divisions; but to do so would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed. It is always to be assumed that the general language of statutes is made use of with reference to taxable subjects, and the property of municipalities is not in any proper sense taxable.   It is, therefore, by clear implication, excluded.   It is not, like government agencies, excluded from the power of tax laws, but it is beyond the grasp of their intent: Cooley on Taxation, pages 130, 131; Directors of the Poor v. School Directors, 42 Pa. St., 21, 25; Louisville v. Commonwealth, 1 Duvall, 295, 296; People v. Solomon, 51 Ill., 37; State v. Gaffney, 34 N. J., 133; People v. Doe, 36 California, 220, 222; Dillon on Municipal Corp., sec. 614.

It is admitted that the property in question has been free from taxation, not because exempted by statute, but because

not expressly made taxable by statute. In other words, prior to 1874 no law existed subjecting this property to taxation. How then can the Constitution make void that which did not exist? The proposition is absurd.

If the property in question was not subject to taxation prior to the Constitution of 1873, and it did not operate as a taxing instrument, then, unless some law has been passed since that time subjecting the property to taxation, it must be free therefrom.

The only Act of Assembly under which it is contended that the property is made taxable, is that of May 14th, 1874, P. L., 158. This Act is entitled " An Act to exempt from taxation public property used for public purposes, and places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

But this Court has decided that the Act of May 14th, 1874, P. L., 158, was intended to define what property shall be exempt from taxation, and not to provide a method of taxation: Coatesville Gas Co. *v.* Chester County, 97 Pa. St., 476.

The title to the Act in question does not contain the slightest reference to the bill being anything else than an exemption Act, and if it was intended to be a taxing Act, it is clearly unconstitutional because its title does not express the subject matter of the bill: Union Pass. Railway Co.'s Appeal, 32 P. F. S., 91.

Mr. Justice GREEN delivered the opinion of the court, October 4th, 1886.

The property concerning which the present question arises is public property used for public purposes. It belongs to a municipality. Prior to the adoption of the constitution of 1874 it undoubtedly was not subject to taxation.

The reason for this rested in the character of its onwership rather than in the character of the property. It consists of a house and lot and some horses. Houses and lands and horses are taxable and have been so for a long time. But when these are held and used for the purpose of extinguishing fires and are owned by a city or borough they become of a public character and they are used for public purposes: In Poor Directors *v.* School Directors, 6 Wr., 21 we held that a county poor house is not taxable for school purposes and used the following language: " The public is never subject to tax laws, and no portion of it can be, without express statute. No exemption law is needed for any public property held as such." To the same effect are Dillon on Corporations, § 614; People *v.* Doe, 36 Cal., 222; People *v.* Solomon, 51 Ill., 52, and Worcester *v.* Worcester, 116 Mass., 193.

[County of Erie v. City of Erie.]

In Cooley on Taxation, 130, it is said, "It is always to be assumed that the general language of statutes is made use of with reference to taxable subjects, and the property of municipalities is not in any proper sense taxable. It is therefore by clear implication excluded."

This being so the property in question was not taxable at the adoption of the Constitution of 1874. There is no legislation since that which makes it taxable. The Act of May 14th, 1874, P. L. 158, contains no provision subjecting such property to taxation. Unless therefore Article IX. § 1 of the Constitution changes the law and makes such property taxable, it is not taxable at all simply because there is no law making it so. The language of the section is as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity." This section does not declare that all property whether public or private shall be subject to taxation nor does it contain any equivalent provision. It does however direct that "all taxes . . . . . shall be levied and collected under general laws." This certainly means that the legislative power of the Commonwealth shall provide the necessary legislation for levying and collecting all taxes: In Lehigh Iron Co. v. Lower Macungie Twp., 31 P. F. S., 482, and in Coatesville Gas Co. v. County of Chester, 1 Out., 476, we held that these provisions of the Constitution do not execute themselves but were simply mandatory to the legislature to enact laws to carry them into effect.

The provision of section 1, therefore, can not operate to repeal any pre-existing law exempting public property from taxation because there was no such law. Such property was not taxable because there was no law which made it so. It was the absence not the presence of law which made it non-taxable. The new Constitution might have made it taxable but did not, and as the legislature has failed to make it taxable, there is no law for its taxation and it is not taxable at all. It is true the legislature of 1874 did exercise its power and exempt certain property which does not include this, but the fact still remains that they did not impose any taxation upon this and hence there is none.

Judgment affirmed.