## Erie *v.* School District of the City of Erie.

*Municipalities—Cities of the third class—School districts—Assessment for paving—Act of May 23, 1889, P. L. 288.*

Under the Act of May 23, 1889, P. L. 288, a city of the third class cannot maintain an action of assumpsit against a school district to recover the cost of laying a pavement in front of a piece of property owned by the school district and exclusively used for school purposes.

Argued March 12, 1901. Appeal, No. 95, April T., 1901, by plaintiff, from judgment of C. P. Erie Co., May T., 1900, No. 194, on case stated in suit of City of Erie v. School District of the City of Erie. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine liability for costs of a pavement.

The case stated was as follows:

1. That the city of Erie, the plaintiff, is a city of the third class, and was originally incorporated by an act of assembly approved April 14, 1851, P. L. 631, and is now governed by the said act and the supplements and amendments thereto, the said city of Erie having accepted the provisions of the act of 1874, classifying cities and is subject to the provisions of the Act of May 23, 1889, P. L. 277, and its supplements.

2. That the said school district of the city of Erie, the above named defendant, is a public school district, comprising the same territorial limits as the city of Erie, and is operating under the Act of May 8, 1854, P. L. 617, known as the common school law, and the supplements and amendments thereto.

3. That the said school district of the city of Erie is the owner of a lot of land on the northeast corner of Twenty-first and Sassafras streets, in the city of Erie, which is used by the said school district exclusively for public school purposes, and which fronts 135 feet on Sassafras street.

4. That the city of Erie caused a block asphalt pavement to be laid on Sassafras street in front of said property; that the school district did not petition for, nor in any way ask to have said pavement constructed.

5. That the city of Erie, plaintiff, filed a lien to No. 38, November term, 1897, in the court of common pleas of Erie county,

recorded in city lien docket " D," at page 165, for the sum of $572.58, with interest from May 7, 1897. The said lien was filed for the cost of the construction of said block asphalt pavement on Sassafras street, in front of and abutting said school lot which is used exclusively for school purposes, the assessment therefor being by the foot front rule.

6. That the said block asphalt pavement was laid on said street in pursuance to an ordinance passed by the councils of the city of Erie, approved April 1, 1895, a true copy of said ordinance being hereto attached and made a part hereof.

7. That the city of Erie caused to be issued upon said lien above stated, a scire facias, and that the case stated was framed thereon to No. 7, November term, 1898; the same was heard and argued before the court, and that an opinion was filed by the court therein that the city of Erie could not recover the cost of said pavement upon the municipal lien so filed, a copy of which said opinion is attached hereto and made part hereof.

8. Now it is further agreed by and between the parties hereto that a jury trial is hereby waived, and the decision in this case is to be submitted to the court for an opinion. The defendant contends that the city of Erie, having filed a lien for the cost of said pavement and issued a scire facias thereon, is now estopped from bringing an action in assumpsit to recover the cost thereof.

The court is first to pass upon the question whether or not the plaintiff is estopped from maintaining a suit in assumpsit to recover the cost of said pavement on account of its having filed a lien therefor and issued a scire facias thereon.

If the court shall be of the opinion that the city of Erie, plaintiff in this case, is not estopped from bringing an action in assumpsit for the recovery of the cost of said pavement, then the court is to decide whether or not, under the law and the facts herein stated, the school district of the city of Erie is liable to the plaintiff in an action of assumpsit for the cost of said pavement; and a judgment is to be entered in this case in accordance with the opinion of the court, but it is understood that either party may have the right to appeal from the judgment of the court in such manner as is provided by law.

The court in an opinion by WALLING, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*William G. Crosby,* city solicitor, for appellant.—Exemption from taxation authorized by article 9, section 1, of the constitution of 1874, does not extend to a municipal charge for paving a street: Sewickley M. E. Church's Appeal, 165 Pa. 475; New Castle v. Jackson, 172 Pa. 86; Philadelphia v. Union Burial Ground Society, 178 Pa. 533; Wallace v. Myers, 38 Fed. Repr. 184; Chadwick v. Maginnes, 94 Pa. 117; Sioux City v. Independent School District of Sioux City, 55 Iowa, 150; County of McLean v. City of Bloomington, 106 Ill. 209; St. Louis Public Schools v. St. Louis, 26 Mo. 468; Roosevelt Hospital v. New York, 84 N. Y. 108.

While it is perhaps true that local assessments are generally against the property specially benefited, and not against the owner thereof personally, the fact that the legislature has authorized them to be made against the owner, cannot affect the constitutionality of the law: In re Centre Street, 115 Pa. 247; Vacation of Howard Street, 142 Pa. 601; Philadelphia v. Merklee, 159 Pa. 515.

*John S. Rilling,* of *Rilling & Fish,* for appellee.—The right to recover in this case, if any exists, being purely by force of the statute, the remedy must be clearly and explicitly given by the terms of the act: McKeesport Borough v. Fidler, 147 Pa. 532.

Plaintiff cannot recover, for the reason that the claim for pavement is a charge or assessment in the nature of a tax upon school property used for public purposes and maintained by public taxation: Olive Cemetery Co. v. Philadelphia, 93 Pa. 129; Hammett v. Philadelphia, 65 Pa. 146.

It is always to be assumed that the general language of tax laws is used with reference only to taxable subjects, and the property of municipalities is therefore by clear implication excluded from the grasp of their intent: Cooley on Taxation, 130; Directors of the Poor of Schuylkill County v. School Directors of North Manheim Twp., 42 Pa. 21; County of Erie v. City of Erie, 113 Pa. 360; McGonigle v. City of Allegheny, 44 Pa. 118; Borough of Emaus v. School District of Emaus, 12 Pa. C. C. R. 349; Ford v. School District of Kendall Borough, 121 Pa. 543.

Assessments for local benefits are special taxes and one agency of the state cannot in any form tax another agency of the state unless there is a clear grant of such power: Piper v. Singer, 4 S. & R. 353; Rochester v. Town of Rush, 80 N. Y. 302; Directors of the Poor of Schuylkill County v. School Directors of North Manheim Twp., 42 Pa. 21: Cooley on Taxation (2 ed.), 207.

The rule of construction as to the liability of public property to taxation is the direct converse of the rule as to private property; taxation is the rule and exemption the exception; while as to public property, exemption is the rule and taxation is the exception: Commissioners of Erie County v. Mullen, 85 Pa. 288; Atlanta v. First Presbyterian Church, 86 Ga. 730; Allegheny Township v. City of Altoona, 23 Pa. C. C. R. 381.

School property or school lands held in trust for school purposes are generally exempt from special assessments as well as from general taxation: City of Toledo v. Board of Education, 48 Ohio, 83; City of Hartford v. West Middle Dist., 45 Conn. 462; Board of Improvement v. Little Rock School Dist., 56 Arkansas, 354; County Commissioners v. Maryland Hospital, 62 Md. 127; Daugherty v. Thompson, 71 Texas, 192.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901:

The main question raised in this case is whether the city of Erie can maintain an action of assumpsit against the school district of the city of Erie to recover the cost of laying a pavement in front of a piece of property owned by the school district and exclusively used for school purposes. The plaintiff is a city of the third class. By the Act of May 23, 1889, P. L. 288, it is, inter alia, provided that "cities of the third class shall have power to cause to be graded, paved or macadamized, any public street . . . . and to provide for the payment of the cost and expense of the same, or any part thereof, by the city or by the owners of real estate bounding and abutting thereon, by an equal assessment on said property in proportion to the number of feet the same fronts on the street." etc. By a subsequent section of the act, a right of action at law is given to recover a general judgment against the owner of the property, as well as a right to proceed by scire facias, as in proceedings on mechanics' liens. The plaintiff began by proceeding by scire

facias on the lien. This resulted in defeat on the ground that such an action could not be maintained. The present action is in assumpsit. The facts are presented by a case stated.

The right to recover on an assessment for street improvements is based upon the right of the municipality to make the assessment in the exercise of its taxing power: McKeesport Borough v. Fidler, 147 Pa. 532; Olive Cemetery Company v. Phila., 93 Pa. 129; Hammett v. Phila., 65 Pa. 145 ; Erie v. First Universalist Church, 105 Pa. 278 ; In re Centre Street, 115 Pa. 247. The property against which the assessment is laid in this case is used for public purposes. It yields no revenue. It is owned by a public body or quasi-corporation, whose revenue is derived from taxation: Ford v. School District of Kendall Boro., 121 Pa. 543. Such property so owned and used, is not subject to taxation in the absence of expressed legislative authority. " The public is never subject to tax laws and no portion of it can be, without express statute. No exemption law is needed for any public property, held as such," said Mr. Chief Justice LOWRIE, in Directors of Poor of Schuylkill County v. School Directors of North Manheim, 42 Pa. 25. This language is quoted with approval in County of Erie v. City of Erie, 113 Pa. 366, and applied by Mr. Justice GREEN, thus : " Houses and lands and horses are taxable and have been so for a long time, but when they are held and used for the purpose of extinguishing fires and are owned by a city or borough, they become of a public. character and they are used for public purposes."

The act above quoted gives general authority to assess property abutting on the improvement. No distinction is made between public property and private property. This is not such express authority for the taxation of public property as the rule of law requires. In County of Erie v. City of Erie, supra, this language from Cooley on Taxation, p. 131, is quoted with approval: " It is always to be assumed that the general language of statutes is made use of with reference to taxable subjects, and the property of municipalities is not in any proper sense taxable. It is, therefore, by clear implication excluded." See also Elliott on Roads & Streets (2d ed.), sec. 550.

All that has been thus far said is predicated on the first proposition above stated, that the assessment for street improvements is an exercise of the taxing power. If it were a

general tax, clearly the assessment could not be sustained. Our attention, however, is called to the difference between a general tax and assessments for street improvements, called, in many of the cases, municipal assessments in the nature of a tax: City of Pittsburg v. Daly, 5 Pa. Superior Ct. 528, and cases cited. In Philadelphia v. Union Burial Ground Society, 178 Pa. 539, it is said that such assessments are not general taxes, but are special and local, confined to limited areas and to property adjacent to the improvement. This difference, it is argued, is of a kind to relieve the case from the application of the principle of law relating to general taxation. It is to be incidentally remarked that the distinction has been drawn and applied in cases where exemption from assessment has been sought on the ground of constitutional exemption from taxation. The distinction, however, cannot be extended to assessments against public property held and used for public uses by public bodies, whose revenues are derived solely from taxation, and this, not because of any constitutional exemption, but because the results of its application are in violation of a sound public policy. This is shown in the present action, which is to hold the school district generally liable for the assessment in an action of assumpsit. It is not contended that an execution upon the real estate could be sustained. The execution of the judgment must be by mandamus upon the public funds held by the school district for public purposes. The effect would be to permit the municipality to collect an assessment, made by virtue of the taxing power, out of public funds raised by taxation and set apart, in the hands of the school district, for a distinct and specific public purpose. The school district and the city being coextensive it is but the transfer of public funds from one public treasury to another. We will not presume, in the absence of explicit enactment, that the legislature intended to authorize so useless and unreasonable a proceeding. The theory upon which assessments for street improvements are sustained is that special benefit inures to the abutting owner. Here the abutting owner is the school district holding for a public purpose. If benefit inures by reason of the street improvement, it is not to the owner of the property, but to the public, to whose purposes the property is devoted. The cases of Sioux City v. School District of Sioux City, 55 Iowa, 150, and County of McLean v. City of Bloom-

ington, 106 Ill. 209, are apparently not in accord with the views herein ·expressed; but our conclusion is fortified by other authorities quite direct in application : Worcester County v. Worcester, 116 Mass. 193; City of Clinton v. Henry County, 115 Mo. 557 ; The People v. Trustees of Schools, 118 Ill. 52; City of Rochester v. Town of Rush, 80 N. Y. 302; City of Atlanta v. First Presbyterian Church,.86 Ga. 736 ; City of Toledo v. Board of Education, 48 Ohio, 83 ; City of Hartford v. West Middle District, 45 Conn. 462 ; County Commissioners v. Maryland Hospital, 62 Md. 127.

We have not, it will be observed, referred to the right of the legislature to adopt laws by which a charge, in the nature of a ·tax, may be imposed upon public property. We hold only that the act now before us is not sufficiently explicit to permit the recovery of a judgment by the plaintiff in this case, wherefore the judgment of the court below is affirmed.