## Robb *v.* Philadelphia, Appellant.

*Taxation—Exemption—Public property—Meadow companies.*

The Greenwich Island Meadow Company, a quasi municipal corporation having its existence under the Act of April 12, 1760, 1 Sm. L. 227, and January 30, 1804, 4 Sm. L. 109, for the purpose of maintaining embankments to protect certain marsh lands along the Delaware river, has no power to impose a tax upon lands acquired by the city of Philadelphia and laid out as a park.

Argued Oct. 22, 1903. Appeal, No. 178, Oct. T., 1903, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1903, No. 3049, on case stated in suit of Henry B. Robb, Treasurer of Greenwich Island Meadow Company, v. City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Case stated to determine the liability of defendant for a tax on land laid out as a park.

From the case stated it appeared that by the act of April 12, 1760, certain persons were appointed and authorized to divide certain marshy, meadow and cripple land, surrounded by the Delaware river and Hollanders and Hay creeks, in Philadelphia county, into allotments, districts and divisions; and by the act of January 30, 1804, it was made the duty of the managers whenever they should judge necessary to estimate the expense requisite for making, repairing and keeping in good repair the banks, dams, flood-gates, etc., in every part of the tract of land or meadow; to ascertain the names of all the owners of land on the island and to assess each owner his proportionable part, according to the quantity of land held by him.

The association authorized by these acts was organized and known as the Greenwich Island Meadow Company, and has continually existed as such association to the present time. By various conveyances, the city of Philadelphia became the owner of a number of acres within the tract which now constitute a portion of the southern end of League Island Park. The Meadow Company made its assessment and demanded from the city of Philadelphia its share in proportion to the number of acres owned by it. The city refused to pay.

The court in an opinion by RALSTON, J., after stating the facts as above, entered judgment for plaintiff for $606.24.

*Error assigned* was entry of judgment as above.

*James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellant.—There is no authority for the taxation of a public park: Reading v. Berks County, 22 Pa. Superior Ct. 373; Lancaster County v. Lancaster & Long Park Commission, 11 Pa. Dist. Rep. 605; Piper v. Singer, 4 S. & R. 354; Directors of the Poor v. School Directors, 42 Pa. 21; Erie County v. City of Erie, 113 Pa. 360; Erie County v. Commissioners, 113 Pa. 368; Pittsburg v. School District, 204 Pa. 635.

*A. T. Freedley*, for appellee.—The constitutionality of the statutes organizing the Greenwich Island Meadow Company Act and of the validity of the special assessments thereby au-

thorized was expressly raised and decided in Rutherford v. Maynes, 97 Pa. 78, and Betham v. Philadelphia, 196 Pa. 302.

The exemption of property from taxes or public impositions " exempts the property from all taxation or imposition for the purpose of revenue, but does not exonerate it from charges inseparably incident to its location with respect to other property : " In re Broad Street, 165 Pa. 475 ; Philadelphia v. Union Burial Ground Society, 178 Pa. 533 ; Illinois Central Co. v. Decatur, 147 U. S. 190 (13 Sup. Ct. Rep. 293) ; Erie v. Commissioners, 18 W. N. C. 310 ; Betham v. Philadelphia, 196 Pa. 302.

OPINION BY PORTER, J., July 28, 1904 :

This action was brought to recover the amount of taxes assessed by the Greenwich Island Meadow Company, for the years 1901 and 1902, upon lands which had been acquired by the city of Philadelphia " by virtue of the power of eminent domain in it vested and by subsequent conveyances from the owners, for the purpose of laying out, constructing and maintaining a park or pleasure ground on said land for the free use and enjoyment forever of the citizens of said city," which land at the time the taxes were assessed was devoted exclusively to said use. The Greenwich Island Meadow Company is a quasi municipal corporation, or governmental agent of the commonwealth, which owes its existence to and exercises its functions under the act of April 12, 1760, 1 Sm. L. 227 ; and the supplement to said act approved January 30, 1804, 4 Sm. L. 109. This legislation imposed upon said company the duty of maintaining the embankments, drains, etc., necessary to protect certain marsh lands along the Delaware river, the boundaries of said district being definitely defined by the statutes. The said statutes delegated to the managers of said company the power " to rate and assess each and every owner or possessor (of land within the district) fairly and equally, his or her proportionable part, per acre," of the sum estimated to be necessary for the maintenance of the embankments, etc., for each year. The legislation under which the Meadow Company exercises its functions has been held to be constitutional : Rutherford v. Maynes, 97 Pa. 78. The assessments which the managers are authorized to make upon the

land within the district are a special tax upon property peculiarly benefited by a local improvement, the power to make them is delegated by the commonwealth, and emanates from the inherent powers of a government to levy and collect taxes; it is an exercise of the taxing powers, and the assessment is a tax: Olive Cemetery Company v. Philadelphia, 93 Pa. 129; McKeesport Boro. v. Fidler, 147 Pa. 532. The entire district within which the Meadow Company exercises its functions is now within the limits of the city of Philadelphia. The lands which the Meadow Company seeks to tax are lawfully held by the city for the purposes of a public park, and are for such purpose exclusively used. The Meadow Company, which is one governmental agent, seeks to impose a tax upon lands lawfully held by the city, another governmental agent, for an exclusively public municipal purpose, expressly authorized by law.

" The public is never subject to tax laws and no portion of it can be, without express statute; no exemption is needed for any public property held as such: " Poor Directors v. School Directors, 42 Pa. 21; Reading v. Berks County, 22 Pa. Superior Ct. 373. The learned counsel for the appellee contends however that a special assessment for a local undertaking of the character in question is not taxation in its general form, and hence is not subject to the rule that statutes imposing taxation do not apply to or impose a tax upon property held by the state or one of its municipalities, for public purposes, unless it is by the statute expressly so provided. This position is attempted to be sustained upon the authority of the Church's Appeal, In re Broad street, 165 Pa. 475. There is this distinction, for purposes of taxation, between property owned by a church, and that owned by a municipality and devoted exclusively to public purposes; the church must show the grounds upon which its property is exempt from taxation; the public property of the municipality cannot be taxed unless there is a clearly manifest legislative intention that it shall be subject to the imposition. Property belonging to the state and its municipalities, and which is held for governmental purposes, is presumed to be exempt, and is not included in any designation of property to be taxed however sweeping, unless the statute authorizing the tax expressly so provides. Every question presented by this record was considered by the Supreme Court, in a very recent

case, Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635. The opinion of Mr. Justice MESTREZAT, in that case, elaborately reviews the authorities of our own and sister states, and conclusively answers every suggestion here heard. That case distinctly rules this, and it logically follows that the assignment of error must be sustained.

The judgment is reversed, and judgment is now entered in favor of the defendant.