## Assessments Against State Armory.

*Municipal liens—Paving—Real estate owned by State—State armory.*

Real estate within the limits of a borough owned by the Commonwealth and used for public purposes as a State armory is not subject to assessment for, or liable to the payment of, any portion of the cost of the paving of a street upon which it abuts.

Department of Justice. Opinion to Mr. T. B. Miller, Chairman, Plymouth Local Armory Board.

CAMPBELL, First Dep. Att'y-Gen., Dec. 10, 1925.—You have advised this department that the Borough of Plymouth has assessed against the State armory located therein a portion of the cost of paving a street upon which the armory property abuts, and you have asked to be advised as to whether or not this property is liable for the payment of such assessment.

The title to the real estate upon which the Plymouth Armory is built is in the Commonwealth, and the property is used for armory purposes.

The property of the State is not subject to taxation: Harrisburg *v.* Pennsylvania Canal Co., 2 Pearson, 93; Philadelphia *v.* American Philosophical Society, 42 Pa. 9; Opinions of the Attorney-General, 1905-06, page 176; Phœnixville Armory, 39 Pa. C. C. Reps. 108. Nor is the property of any of its municipal sub-divisions, when used for public purposes, unless specifically made so by statute. No exemption law is needed to relieve any public property held as such from taxation: Pittsburgh *v.* Sub-district School, 204 Pa. 635; Directors of the Poor of Schuylkill County *v.* School Directors, 42 Pa. 21; Erie County *v.* City of Erie, 113 Pa. 360; Erie *v.* School District, 17 Pa. Superior Ct. 33; Robb *v.* Philadelphia, 25 Pa. Superior Ct. 343; Reading *v.* Berks County, 22 Pa. Superior Ct. 373.

These cases point out the confusion, increased expense and absurdity of one branch of the government taxing the property of another branch and collecting money from the taxpayers in order to relieve taxpayers; also that a lien for such taxes against such public property could not be collected by the sale of the land against which it is filed (Philadelphia *v.* American Philosophical Society, 42 Pa. 9, 20), not even for municipal taxes for street improvements (Pittsburgh *v.* Sub-district School, 204 Pa. 635); also, that the amount of the assessment could not be recovered by an action in *assumpsit* (Erie *v.* School District, 17 Pa. Superior Ct. 33, 38).

That municipal taxes for local improvements, including the paving of a street upon which the land of the public abuts, are included within this rule, clearly appears in the cases of Pittsburgh *v.* Sub-district School, 204 Pa. 635, 642; Erie *v.* School District, 17 Pa. Superior Ct. 33, and Robb *v.* Philadelphia, 25 Pa. Superior Ct. 343.

In National Guard *v.* Tener, 13 W. N. C. 310 (1883), real estate, owned by a private corporation authorized under its charter to hold property for purposes of an armory and which was so used, was held to be public property used for public purposes within the meaning of the Constitution and the Act of May 14, 1874, P. L. 158, and, therefore, to be exempt from municipal taxes, even though income was derived from an occasional use of the building for other than public purposes.

To the same effect is the case of Scranton City Guard Ass'n *v.* Scranton, 1 Pa. C. C. Reps. 550, and in Phœnixville Armory, 39 Pa. C. C. Reps. 108, Deputy Attorney-General Hargest advised the State Armory Board that no portion of land, title to which was in the Commonwealth for armory purposes,

Assessments Against State Armory.

was subject to taxation, even though a dwelling-house erected upon the rear of the lot was then yielding a monthly rental.

In the case of Pittsburgh v. Sub-district School, 204 Pa. 635, 645, the court, in construing the Act of May 16, 1891, P. L. 75, which was similar to the act under which the filing of the Plymouth lien has been attempted, says "taxation of any kind whatever imposed upon the property would interfere with and defeat the Commonwealth in maintaining the system of education required by the Constitution. Such an intention should not be attributed to the legislature in the enactment of either special or general tax laws unless it is manifested by clear and explicit language." That case holds that the said Act of 1891 does not apply to property held by the State or by any of its political sub-divisions for public use. The same is true of the later acts of assembly authorizing the assessment of the cost of public improvements upon abutting property and of the filing of liens therefor.

You are, therefore, advised that the real estate in question being owned by the Commonwealth and being used for public purposes is not subject to assessment for, or liable to the payment of, any portion of the cost of the paving of the street upon which it abuts.        From C. P. Addams, Harrisburg, Pa.