## City of Chester v. Chester City School District.

*A. A. Cochran*, for plaintiff; *Paul Lane Ives*, for defendant.

MacDade, J., July 14, 1930.—The School District of the City of Chester is the owner of a plot of ground on the south side of Twelfth Street, in the City of Chester, upon which no building has been erected, and the lot is not contiguous to nor adjoining a schoolhouse. The plot was acquired December 1, 1920. The property is vacant and unimproved, and it is claimed that it is held for future building purposes of the school district. It occupies a square of ground on the south side of Twelfth Street, extending from Hyatt Street to Melrose Avenue and from Twelfth Street to Morton Avenue. There is no revenue to be derived from the property, it has not been used as a playground for school children, is not fenced in and is a commons.

It may be assumed, and it is conceded, that at the time of purchase the school board had in mind the erecting of a schoolhouse on the lot, but its plans were changed and the schoolhouse was never erected. The school board is holding the lot to erect a schoolhouse some time in the future, but there is no definite plan and no definite time in mind when the lot will be used for a schoolhouse or school purposes.

In the fall of 1923 the City of Chester paved with asphalt the roadway of Twelfth Street, from Chestnut Street to Melrose Avenue, on which part of Twelfth Street the school district lot abuts, and an assessment was made against the said lot for its share of the cost of the said pavement, amounting to $2921.70, and, on February 28, 1924, the City of Chester filed a lien against the said lot in the name of the School District of the City of Chester for $2921.70, to No. 409, December Term, 1923. On February 20, 1929, a scire facias was issued on said lien, and the defendant filed an affidavit of defense. The suit was tried before our brother, President Judge Fronefield, on February 3, 1930, and the court affirmed the plaintiff's point, which was "Under all the evidence the verdict should be in favor of the City of Chester;" whereupon the jury rendered a verdict in favor of the plaintiff and against the defendant for the sum of $4177.73, to which the defendant filed exceptions and moved the court for judgment *non obstante veredicto*, which motion we now have under discussion.

There is no dispute as to the facts in this case. The school board bought a lot on which to build a school building, but changed its plans. The building was never built and the lot has been held without any use being made of it of any kind, either for school or other purposes. It was an open lot when purchased, and is still an open lot, and it is nothing but a commons.

There is only one question of law involved: Is the lot under the facts liable for the lien for the paving filed by the city?

Generally speaking, property, that is, property owned by the government, the state or a municipality is not taxable, but there is one exception to this general rule. This exception is that the exemption from taxation is dependent upon the use to which the property is put. If it is used for public purposes, then it is exempt. In Erie County *v.* Erie City, 113 Pa. 360 (1886), the court laid down the law that whether or not it is taxable "rests in the character of the ownership rather than in the character of the property;" that is to say, real estate owned by any department of the government which exempts it from taxation.

The court in this case also said that public property is not subject to general tax laws; that such property must be taxed specially by acts of assembly.

If this land thus owned and held by the school district is to be considered as owned and held for public purposes, it is not subject to an assessment for

paving the street or roadway upon which such land abuts—the land being unimproved.

It is the law of this jurisdiction that the property of municipal subdivisions of the state, which includes school districts, cannot be assessed for taxation or for the cost of public improvements unless some statute expressly so provides, and no exemption law is needed to relieve lands held for public purposes from such charges: Poor Directors v. School Directors, 42 Pa. 21; County of Erie v. City of Erie, 113 Pa. 360; Erie v. Erie School District, 17 Pa. Superior Ct. 33; Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635.

The provisions of the School Code, exempting property of school districts (Act of May 18, 1911, P. L. 309, section 631) was unnecessary to effect this end: Wilkinsburg Borough v. School District, 298 Pa. 193.

Statutes imposing assessments for local improvements are enacted in the exercise of the taxing power of the legislature and, notwithstanding the generality of the enumeration of the property affected, they do not apply to property held or used for public purposes by the state or any of its political subdivisions: Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635; Erie v. Erie School District, 17 Pa. Superior Ct. 33.

The reason for the exemption rests in the character of the ownership rather than in the character of the property: County of Erie v. City of Erie, 113 Pa. 360, 366.

The fact that the land is not occupied by buildings should make no difference if, as in the instant case, it is to be considered as held for public purposes.

It is contended that, since the property is vacant, it is thereby rendered subject to assessment, even though it is held for public school purposes. There is no analogy between this case and the case of church property. See Chester v. Friends' Meeting, 20 Del. Co. Rep. 387.

In the latter case the real estate owned by a church is taxable and liable for assessment by the general language of the taxing statute and statutes relating to municipal assessments. To escape such liability, the burden is upon the church to point to the statute expressly exempting its property, and, unless the case falls within the exempting statute, the liability is inevitable. In the case of property owned by a school district and held for public purposes "exemption is the rule, and taxation the exception." The city must show legislative authority expressly subjecting such property to tax or municipal assessment.

The Act of July 17, 1919, P. L. 1021, refers to exemption from taxation only, and not to assessments for local improvements. Its title discloses merely a purpose to exempt from taxation. If construed to render subject to taxation property which was not taxable before its passage, it would be unconstitutional: Sewickley Borough v. Sholes, 118 Pa. 165.

The Act of May 16, 1923, P. L. 207, was passed after the passage of the ordinance under which the paving in the present case was authorized, being before the completion of the work. Section forty of the act declares that the "act shall apply . . . to municipal claims heretofore lawfully imposed or assessed within six months before the passage of the act and not liened at the time of its passage."

By the provisions of section five of the act, all real estate owned by the state or United States is exempt from liability to liens for taxes and municipal claims. As to real estate owned by a school district, all such real estate is made subject to municipal claims for removal of nuisances, sewer claims, sewer connections and for recurbing, paving, repaving or repairing the foot-

way in front thereof. Property owned by a school district which before the passage of the act was exempt from taxation is expressly excepted from any liability for any tax or municipal claims other than for nuisances, sewers, curbs and sidewalks. The act does not purpose to authorize a lien for paving a roadway or street, and, in a recent case construing this act, the court declared that no assessment for improvements can be made against property of a school district unless it is one of the classes of improvements expressly mentioned in the act: Wilkinsburg Borough v. School District, 298 Pa. 193.

If the often reiterated principle of law is correct, that property held for public purposes is exempt from taxation without any exempting statute, there is nothing in the Act of 1923 which renders the property liable to the assessment in this case.

The city stresses the fact that the property in this case is vacant and not occupied by buildings. The test is the character of the *ownership* rather than the character of the *use*. The cases usually cited for the proposition that municipal property is liable to taxation if employed for gain apparently do not sustain such a principle of law and in any event are not applicable to the present case. There is no evidence that the property here is held for gain, but the only evidence is that the property is held for the future uses of the school district, a public use in the erection of a public school.

The stipulation as filed of record and incorporated in the testimony is as follows:

"By Mr. Ives: I will make a stipulation of record that the school district acquired title to this property on December 1, 1920; that the property is a vacant lot which has never been built upon. It is held by the school district. By Mr. Cochran: Or used in any way. By Mr. Ives: It is not being used in any way except that it is being held by the school district for the future use of the district in the erection of a public school. By Mr. Cochran: And that no time has been determined by the school board for the erection of a school upon the lot at this time. By Mr. Ives: I agree to that. By Mr. Cochran: The school district at this time has not decided that. All right. That is the case. By the Court: You agree that stipulation is correct. By Mr. Cochran: I agree that stipulation is correct."

The School Code vests in the board of school directors a discretionary power in regard to the acquisition, holding and distribution of real estate for public school purposes and the holdings of real estate are not limited by the act. From a practical point of view there is no difference between two large tracts of land owned by a school district, one of which is occupied to a very small extent by a school building and the other not presently occupied. The courts have never dwelt on the question of use, but have based the well established rule of exemption on the fact that the moneys of school districts are public funds and that to compel the payment of assessments is to transfer such funds in a manner never intended by law.

The Act of April 29, 1844, P. L. 486, § 32, 4 Purdon, 4620, paragraph 198 (and see note "h"), provides "that all real estate . . . not exempt by law from taxation . . . shall be valued and assessed and subject to taxation, for the purposes in this act mentioned, and for all state and county purposes whatsoever." The provisions of this act are comprehensive, making all real estate taxable not exempt from taxation. In order to ascertain the property exempt from taxation, we turn to the acts of assembly providing for exemptions of real estate from taxation. There have been many of these since 1844, and they all have exempted practically in the same words, "school houses . . . with grounds thereto annexed and necessary for the occupancy and enjoyment of the same." The last act on the subject is that of July 17, 1919, P. L. 1021, sec-

tion 1. These acts as well as this last cited act refer to exemptions from general taxation.

Unfortunately for the city, the Acts of 1844 and 1919 relate to taxation for general purposes and not to assessments of the cost of public improvements against abutting land. This compels us to look to the Act of May 16, 1923, P. L. 206, section five, which provides as follows: "All real estate, by whomsoever owned and for whatsoever purpose used, other than property owned by the State or United States, shall be subject to all tax and municipal claims herein provided for." That, standing alone, would mean that school property could be taxed for general purposes and assessed for municipal work, but there follows an exception, "that all property owned by any county, city, or other municipality or municipal division, and actual places of religious worship, places of burial not held or used for private or corporate profit, and institutions of purely charity, shall not be subject to tax or municipal claims on property, by law, exempt from taxation except for the removing of nuisances, for sewer claims and sewer connections, or for the recurbing, paving, repaving, or repairing the footways in front thereof. All other real estate, by whomsoever owned and for whatsoever purpose used, shall be subject to all claims and municipal claims herein provided for." In other words, school property *exempt by law* from *general taxes* shall not be liable to municipal claims, except that such property shall be liable for sewer claims and sewer connections, and for the recurbing, etc., of sidewalks. Roadway paving is not included in this last exception. The Act of 1923 does not authorize the assessment of the cost of roadway paving against school property exempt by law. Under the common law, or the law relating to the rights of sovereignty, public property, and this means school property, is exempt from all kinds of assessments, both taxes and municipal claims, but does the law cover school property not used for school purposes, a vacant lot unimproved and apparently remaining idle and unproductive and not in actual use? Can a school board buy a lot and hold it unused for any purposes, either school or otherwise, for three years, and the lot not be liable to pay an assessment of the cost of roadway paving?

This is answered by stating that by the School Code (Act of May 18, 1911, P. L. 309, 347), the necessity for the purchase of land, and the determination of the purposes to which it should be devoted, was lodged with the directors of the school district, who are authorized to construct not only the building itself, but provide also for adjoining grounds to be used for play and recreation. The extent of the holding is for the board to pass upon, though property secured and devoted to other than educational or allied uses must be treated as separate from that set apart for school activities: Wilkinsburg Borough *v.* School District, 298 Pa. 193.

This latter case also decides: "Property of municipal subdivisions of the State cannot be assessed unless some statute expressly so provides, and no exemption law is needed to relieve lands held for public purposes from such charges: Erie Co. *v.* City of Erie, 113 Pa. 360; Robb *v.* Philadelphia, 25 Pa. Superior Ct. 343; Reading *v.* Berks Co., 22 Pa. Superior Ct. 373. Though unnecessary to effect this end, the School Code of 1911 did expressly exempt all property of the districts used for schools, recreation, or other purposes."

See, also, Bedford *v.* Schnably, 89 Pa. Superior Ct. 486; note, 36 A. L. R. 1540.

To justify a municipal claim in this instance, express authority must be shown. There is no presumption of an intention to permit such charge, but a clear direction to this effect must appear: Pittsburg *v.* Sterrett Subdistrict School, 204 Pa. 635, 643; Com. *v.* P. R. T. Co., 287 Pa. 70.

In the present case, the school district is liable only where expressly charged by the statute, *which is to be strictly construed.* We find no statute so charging a school district with a "paving roadway" improvement.

No act of assembly warrants the assessment, and, in the absence of express statutory imposition of liability, no charge could be lawfully made against the school district by the City of Chester for such improvement. There was, therefore, no power to file a municipal lien of this character.

To reiterate, in conclusion, to quote from Assessments Against State Armory, 7 D. & C. 355, we would state that it is our judgment that the property of the state is not subject to taxation: Harrisburg *v.* Penna. Canal Co., 2 Pearson, 93; Philadelphia *v.* American Philosophical Society, 42 Pa. 9; Opinions of the Attorney General, 1905-06, page 176; Phœnixville Armory, 39 Pa. C. C. Reps. 108.

Nor is the property of any of its municipal subdivisions, when used for public purposes, unless specifically made so by statute. No exemption law is needed to relieve any public property held as such from taxation: Pittsburg *v.* Subdistrict School, 204 Pa. 635; Directors of the Poor *v.* School Directors, 42 Pa. 21; County of Erie *v.* City of Erie, 113 Pa. 360; Erie *v.* School District, 17 Pa. Superior Ct. 33; Robb *v.* Philadelphia, 25 Pa. Superior Ct. 343; Reading *v.* Berks County, 22 Pa. Superior Ct. 373.

These cases point out the confusion, increased expense and absurdity of one branch of the government taxing the property of another branch and collecting money from the taxpayers in order to relieve taxpayers; also that a lien for such taxes against such public property could not be collected by the sale of the land against which it is filed (Philadelphia *v.* American Philosophical Society, 42 Pa. 9, 20), not even for municipal taxes for street improvements (Pittsburg *v.* Subdistrict School, 204 Pa. 635); also, that the amount of the assessment could not be recovered by an action in assumpsit: Erie *v.* School District, 17 Pa. Superior Ct. 33, 38; Tinicum Township *v.* United States Shipping Board, 17 Del. Co. Reps. 173.

That municipal taxes for local improvements, including the paving of a street upon which the land of the public abuts, are included within this rule clearly apears in the cases of Pittsburg *v.* Subdistrict School, 204 Pa. 635, 642; Erie *v.* School District, 17 Pa. Superior Ct. 33, and Robb *v.* Philadelphia, 25 Pa. Superior Ct. 343.

In National Guard *v.* Tener, 13 W. N. C. 310 (1883), real estate, owned by a private corporation authorized under its charter to hold property for purposes of an armory and which was so used, was held to be public property used for public purposes within the meaning of the Constitution and the Act of May 14, 1874, P. L. 158, and, therefore, to be exempt from municipal taxes, even though income was derived from an occasional use of the building for other than public purposes.

To the same effect is the case of Scranton City Guard Ass'n *v.* Scranton, 1 Pa. C. C. Reps. 550, and in Phœnixville Armory, 39 Pa. C. C. Reps. 108, Deputy Attorney General Hargest advised the State Armory Board that no portion of land, title to which was in the Commonwealth for armory purposes, was subject to taxation, even though a dwelling house erected upon the rear of the lot was then yielding a monthly rental.

In the case of Pittsburg *v.* Subdistrict School, 204 Pa. 635, 645, the court, in construing the Act of May 16, 1891, P. L. 75, which was similar to the act under which the filing of the Plymouth lien has been attempted, says: "Taxation of any kind whatever imposed upon the property would interfere with and defeat the commonwealth in maintaining the system of education

required by the constitution. Such an intention should not be attributed to the legislature in the enactment of either special or general tax laws unless it is manifested by clear and explicit language." That case holds that the said Act of 1891 does not apply to property held by the state or by any of its political subdivisions for public use. The same is true of the later acts of assembly authorizing the assessment of the cost of public improvements upon abutting property and of the filing of liens therefor.

We hold, therefore, that the real estate in question, being owned by the School District of Chester and being used for public purposes, is not subject to assessment for, or liable to the payment of any portion of, the cost of the paving of the street upon which it abuts.

Holding to these views, we make the following

*Order.*

And now, July 14, 1930, the above matter coming on to be heard by the court *in banc* upon a motion by the defendant, School District of the City of Chester, for judgment in its favor *non obstante veredicto,* together with oral arguments and briefs, the court doth order and decree that the motion of the defendant aforesaid for judgment in its favor *non obstante veredicto* for the plaintiff be and is hereby allowed and the prothonotary be and is hereby directed to enter judgment upon the whole record in favor of the defendant and against the plaintiff notwithstanding the verdict for the plaintiff *sec. reg. et. sec. leg.*

FRONEFIELD, P. J.—I concur in the result reached by our brother MacDade in the above case, on the ground that real estate owned and held in good faith by a school district, though not yet used for school purposes, is exempt by law from taxation (Directors of Poor *v.* School Directors, 42 Pa. 21; County of Erie *v.* City of Erie, 113 Pa. 360; Wilkinsburg Borough *v.* School District, 298 Pa. 193), and is, therefore, not subject to a municipal claim for roadway pavement laid in the abutting street. Were the property not exempt from taxation, it would be liable, under the Act of May 16, 1923, § 5, P. L. 209, for municipal claims for roadway paving.

From William R. Toal, Media, Pa.