## South Lebanon Township School District's Petition.

*Appeals—Land damages—Poor district—School district—Act of April 4, 1889, P. L. 25.*

No appeal lies from an award of viewers appointed under the Act of April 4, 1889, P. L, 25, to assess damages against a school district for the taking for school purposes of a portion of a farm owned, used and occupied by the directors of the poor and of the house of employment for a county. Neither section 8 of article 16 of the constitution nor the Act of June 13, 1874, P. L. 283, passed to carry out the constitutional provision, apply to such a case, inasmuch as no such land could have been so condemned prior to the act of April 4, 1889, and the latter act provided no appeal.

Argued Oct. 29, 1902. Appeal, No. 194, Oct. T., 1902, by Gideon Rupp et al., from order of C. P. Lebanon Co., Dec. T., 1901, No. 115, quashing appeal from award of viewers in the matter of the petition and report of viewers to assess damages for the taking of county property by South Lebanon Township School District. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to quash appeal.

EHRGOOD, P. J., filed the following opinion:

This rule was granted to show cause why the directors of the poor and the house of employment for the county of Lebanon, from the report of viewers assessing damages for certain lands taken by the South Lebanon township school board, should not be quashed. It is conceded that under the act of assembly approved April 4, 1889, P. L. 25, the school board of South Lebanon township was authorized to occupy sufficient land for the purpose of erecting a schoolhouse with necessary or convenient appurtenances, or in other words, the land in question. This appeal is from the award of damages.

The 2d section of the act provides that "for all damages done or suffered or which shall accrue to the county holding or owing such land, by reason of the taking of the same for the purpose aforesaid, the funds of the district taking such land which may be raised by taxation, shall be pledged and deemed as security."

The 3d section impowers the court of quarter sessions to appoint a jury of viewers, consisting of three disinterested citizens, not residents of nor owners of property in the county or district in which such land is situate, who shall view the premises and shall estimate and determine what amount of damages has or may be sustained, and to whom the same is payable and make report thereof to the court. Said section further provides that "if damage be awarded and the report be confirmed by said court, judgment shall be entered thereon, and if the amount thereof be not paid within ninety days after the entry of said judgment, execution may be issued to enforce the collection thereof as in other judgments against school districts. The act of 1889 under the provisions of which the land was taken and damages thereof assessed, gives no one the right to appeal from such award of damages. It is contended, however, that an appeal is expressly given in this proceeding by section 8 of article 16 of the constitution of Pennsylvania and under the provisions of the Act of June 13, 1874, P. L. 283. Said 8th section of the constitution provides that " municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, which compensation shall be made or secured before such taking." And that the general assembly is prohibited from depriving any person from an appeal from any preliminary assessment of damages against any such corporations or individuals by viewers or otherwise. The Act of June 13, 1874, P. L. 283, also provides for an appeal for either party in all cases of damages assessed against municipal or other corporations or individuals, invested with the privilege of taking private property for public use, for property taken, injured or destroyed.

The property taken in the proceeding before us is not private property. It is public property and was already dedicated to a public use when it was taken by the school board. Municipal corporations or other corporations and individuals invested with the privilege of taking private property for public use without any other authority could not have taken the land in question. It required legislative enactment to give power to school boards to take public property for school purposes.

The purpose of section 8 of article 16 of the constitution, as

332 SOUTH LEBANON TWP. SCHOOL DIST.'S PETITION.

Opinion of Court below—Opinion of the Court. [22 Pa. Superior Ct.

well as of the act of June 13, 1874, was to protect private property and to regulate the taking of it for public use by municipal and other corporations and individuals invested with the right of eminent domain. The word private was used to distinguish the property referred to from public.

Counties, poor districts and school districts are quasi corporations and the property belonging to either of them is of a public nature and belongs to the public. The property of these quasi corporations is not of that character which the constitution and the act of June 13, 1874, intended to protect. The act of 1889, under which the land in question was taken, does not give the right of appeal, and in the absence of any other legislation giving such right no appeal is allowable.

And now, August 20, 1902, demurrer overruled, the rule heretofore granted is made absolute, and the appeal quashed.

*Error assigned* was the order of the court.

*George B. Woomer*, with him *Grant W. Nitrauer*, for appellants, cited : Appeal of School Dist. of Tyrone Twp., 22 W. N. C. 513 ; Del. & Hudson Canal Co. v. Scranton, etc., R. R. Co., 1 Lackawanna Jurist, 97 ; Phila., etc., R. R. Co.'s App., 2 Walker, 291 ; Tarbell's App., 129 Pa. 146 ; Gardner v. Chester, 3 Lackawanna Jurist, 119 ; Hanover Borough Alley, 5 Pa. Dist. Rep. 160 ; Hare v. Rice, 142 Pa. 608 ; Pusey's App., 83 Pa. 67 ; Williams v. Pittsburg, 83 Pa. 71 ; Bachler's App., 90 Pa. 207.

*J. C. Adams*, for appellee, cited : Shoe v. Nether Providence Twp., 3 Pa. Superior Ct. 137 ; Wagner v. Salzburg Twp., 132 Pa. 636 ; Feree v. Meily, 3 Yeates, 153 ; Freeze v. Columbia County, 6 W. N. C. 145 ; Richards v. Conneaut Twp., 10 Pa. Dist. Rep. 274 ; Schuylkill County Poor Directors v. School Directors of North Manheim Twp., 42 Pa. 21 ; Cumru Twp. v. Directors of Poor and House of Employment, 1 Woodward, 175 ; Harvey v. Thomas, 10 Watts, 63.

OPINION BY BEAVER, J., March 12, 1903 :

The school directors of the township of South Lebanon, under the provisions of the Act of April 4, 1889, P. L. 25, took for school purposes a portion of the farm owned, used and occu-

pied by the directors of the poor and of the house of employment for the county of Lebanon. Viewers were appointed under the provisions of the said act who filed a report valuing the real estate, amounting to ninty-nine perches, taken by the school directors for school purposes, at $400, and determining the amount of damages, sustained by said taking, at $300, payable to the "directors of the poor and of the house of employment for the county of Lebanon."

An appeal was taken from this award, both by the directors of the poor, etc., and the county commissioners. A petition was presented to the court below, asking to have the appeal quashed on the ground that there was no authority in law for taking the same. Both the directors of the poor and county commissioners demurred to the petition and the case came on to be heard upon the demurrer. The court below overruled the demurrer, granted the prayer of the petition and quashed the appeal, on the ground that the appellants had no standing in court, there being no provision of law under which the appeal could be taken.

The grounds upon which the order of the court is based are stated in an opinion in which the conclusion is reached that " the act of 1889, under which the land in question was taken, does not give the right of appeal, and, in the absence of any other legislation giving such right, no appeal is allowable."

Section 8 of article 16 of the constitution expressly prohibits the general assembly " from depriving any person of an appeal from any preliminary assessment of damages against " corporations or individuals having the right to take property for public use, stipulating that " the amount of such damages in all cases of appeal shall, on the demand of either party, be determined by a jury, according to the course of the common law." In pursuance of this constitutional provision, the Act of June 13, 1874, P. L. 283, was passed, providing for appeals "in all cases of damages assessed against any municipal or other corporation or individual or individuals invested with the privilege of taking private property for public use," etc. The appellant contends that this provision of the constitution and the act of assembly passed in pursuance thereof apply to the present case for the reason that the property taken was not necessary for the buildings in which the poor were cared for, and

that no portion of the farm belonging to the poor directors, etc., which was used for farming was not public property, because not essentially necessary to the maintenance of the poor. It is contended by the appellees, on the other hand, that the entire property belonging to the directors of the poor, etc., is public property and that, inasmuch as it could not have been taken by the school directors for public use prior to the act of 1889, the taking is regulated entirely by the provisions of that act and that, inasmuch as no appeal is provided therein, none can be taken.

We do not think the distinction made by the appellants between the ground occupied by the buildings in which the poor are maintained, and that used for farming purposes, through which the same persons are supplied with food, is well taken. In Directors of the Poor of Schuylkill County v. School Directors of North Manheim Twp., 42 Pa. 21, in which an attempt was made by the school directors to tax the property held by the poor directors, which included a farm of 161 acres, for school purposes, no such distinction is attempted and none is pointed out in the opinion of the Supreme Court. The buildings owned by the poor directors are used for shelter. The proceeds of the farm are used for maintenance. Both are used equally for a public purpose and farm and buildings are both equally public property.

It is quite clear that, prior to the act of 1889, supra, the school board could not have taken the property of the poor directors for school purposes. The act provides a complete course of procedure for the purpose of such taking, without reference to other laws. It will be observed that the provisions of the law are peculiar. The viewers to be appointed to assess the damages are taken from without the county, the legislature having clearly in mind the natural bias which persons living within the county might have, the viewers being described as " disinterested citizens not residents of nor owners of property in the county or district in which such land is situate." The object was to secure an independent, unbiased tribunal. This was evidently intended to be final for, if an appeal were allowed to the court of common pleas of the county in which the land was situated, it would be determined by a tribunal directly interested in the subject in controversy and the work of the

disinterested tribunal provided in the act practically nullified. No appeal being provided for in the act itself and the reason for the failure to provide for such an appeal being apparent, upon its face, we must conclude that the legislature did not intend to provide for such an appeal, and that the conclusion reached by the court below in quashing the appeal in this case is correct.

The order of the court below, quashing the appeal from the award of viewers, is, therefore, affirmed and the appeal dismissed at the cost of the appellants.