NOTE.—Syllabus by the Court.

---

## Condemnation of Land for Schools.

*School law—Condemnation of land—Land used for county or municipal purposes.*

A school board has no authority to condemn land for school purposes owned or used by a county or other municipal district.

Attorney-General's Department. Opinion to Dr. Ellen C. Potter, Commissioner of Public Welfare.

WALLACE, Dep. Att'y-Gen., Feb. 19, 1923.—I have your communication of Feb. 13, 1923, in re condemnation proceedings of Lancaster City School Board *v.* Directors of the Poor, in which the School Board of the City of Lancaster are proposing to bring condemnation proceedings to secure land now owned by the poor board of said city for the purposes of erecting thereon a junior high school, said land now being used by the County Poor Board of Lancaster for an asylum for the care of the insane, etc., and asking for an opinion as to whether or not the State should stand with the county poor board in resisting such condemnation proceedings.

In answer to your inquiry, permit me to advise that, under our law, there is no legal right in a school board to appropriate or take by condemnation proceedings property owned and used by a municipality, city or county for such public purposes. Prior to 1889, no such right existed, and a school board could not have taken the property of a poor district for school purposes.

"It is quite clear that, prior to the Act of 1889, . . . the school board could not have taken the property of the poor directors for school purposes:" South Lebanon Township School District's Petition, 22 Pa. Superior Ct. 330, 334.

By the Act of April 4, 1889, P. L. 25, school directors of cities of the third class were authorized to appropriate such public lands for school purposes and to occupy and use the same in the sufficient amount for their purposes, provided that there was more of such land than was reasonably necessary to be used and occupied by the then owners thereof. This act of assembly remained in force and effect until the passage of the Act of May 18, 1911, P. L. 309, commonly known as the "School Code," which said act of assembly specifically repealed the above mentioned Act of April 4, 1889, P. L. 25, and from that time to the present we have not had any additional legislation authorizing such appropriation of public lands for school purposes.

In certain cases expressly authorized by law, property previously devoted to public use may be appropriated for other public purposes, but in no case can this be done unless it is expressly authorized by statute.

Condemnation of Land for Schools.

". . . Property devoted to public use, including franchise, is subject to eminent domain, and may be taken for other uses; but it is equally settled that it cannot be taken without legislative authority expressed in clear terms, or by necessary implication:" Water Co. *v.* Del., L. & W. R. R. Co., 225 Pa. 152; Groff's Appeal, 128 Pa. 621.

It is a well known rule of law that statutes authorizing the appropriation of lands for public uses must be construed strictly, and without clear and express legislative authority condemnation proceedings will not lie for the appropriation of property already devoted to public use for other public uses.

I am, therefore, clearly of the opinion that school boards of cities of the third class have no authority whatsoever for appropriating or condemning property owned and used by a county or other municipal district, and if such proceedings should be instituted in this case by the School Board of the City of Lancaster, the Department of Public Welfare would have such an interest in the matter as would fully warrant the Department of the Attorney-General to intervene and join in resisting such proceedings.

From C. P. Addams, Harrisburg, Pa.