## Liquid Fuels Tax.

SCHNADER, Special Dep. Att'y-Gen., Sept. 27, 1929.—We have your request to be advised with respect to the exemptions from liquid fuels tax which are allowable under Act No. 405, approved May 1, 1929, P. L. 1037, and Act No. 460, approved May 3, 1929, P. L. 1537. You ask specifically:

1. Whether Act No. 460 imposes the tax on kerosene, fuel oil and gas oil used in any vehicles which do not come within the definition of "Motor Vehicles," appearing in section 102 of Act No. 403, approved May 1, 1929, P. L. 905.

2. Whether naphtha and benzine, used exclusively for dry cleaning' purposes, are subject to tax; and

3. Whether liquid fuels sold to the Federal Government, to the Commonwealth of Pennsylvania, to school districts, counties, cities, boroughs, townships, State institutions, State-aided institutions and volunteer fire companies within Pennsylvania, are subject to tax.

1. What is the meaning of "motor vehicles" as used in Act No. 460?

Act No. 460, approved May 3, 1929, exempts from liquid fuels tax kerosene, fuel oil and gas oil, but after making this exemption, the act contains the following proviso: ". . . Provided, however, that kerosene, fuel oil and gas oil used in motor vehicles shall be included within the definition of 'liquid fuels.' "

It is our opinion, and you are advised, that the term "motor vehicles," as used in this proviso, includes only such vehicles as come within the definition of "motor vehicles," contained in section 102 of Act No. 403, approved May 1, 1929 (The Vehicle Code).

Both Act No. 460 and Act No. 403 were passed by the same session of the legislature, and it must be presumed that when the legislature used the expression "motor vehicles" in Act No. 460, it was using it as defined in Act No. 403.

2. Are naphtha and benzine used for dry cleaning purposes exempt from tax?

Nowhere in Act No. 405, approved May 1, 1929, or in Act No. 460, approved May 3, 1929, did the legislature exempt from tax naphtha and benzine used exclusively for dry cleaning purposes. Only the legislature could provide

such exemption, and the legislature having failed to provide it, your department is without authority to allow it.

Accordingly, we advise you that, no matter for what purpose naphtha and benzine are used, they come within the definition of liquid fuels as contained in Act No. 405, and are subject to tax.

3. Are liquid fuels consumed by the Federal Government exempt from tax?

Section 3 of Act No. 405 contains the following sentence: "Until the first day of July, one thousand nine hundred and thirty, a State tax of four cents a gallon, or fraction thereof, and thereafter a State tax of three cents a gallon, or fraction thereof, is hereby imposed and assessed upon all liquid fuels sold by dealers in this Commonwealth, except for the purpose of resale, and upon all liquid fuels used within this Commonwealth by consumers, when no such tax has been collected thereon by a dealer, except liquid fuels purchased, received or consumed by the United States, or any department, board, commission, or other agency or instrumentality thereof."

The next sentence is: "Duplicate taxation is not intended, but the tax hereby imposed shall apply to all liquid fuels sold or used within this Commonwealth, excepting such transactions in interstate or foreign commerce as are not within the taxing power of the State."

No other exemptions appear anywhere in the act.

Without specifically exempting liquid fuels consumed by the United States, or any agency thereof, such liquid fuels would have been exempt from the operation of the act under the decision of the Supreme Court of the United States in Panhandle Oil Co. v. Mississippi, 277 U. S. 218. In that case it was held that a dealer could not be taxed by a state for the privilege of selling gasoline to the United States; and the reasoning upon which the decision was based would, in our judgment, prevent Pennsylvania from imposing a tax upon gasoline consumed by the United States.

It is, therefore, clear that your department must exempt from the payment of liquid fuels tax liquid fuels purchased, received or consumed "by the United States, or any department, board, commission or other agency or instrumentality thereof."

4. Are liquid fuels consumed by the Commonwealth itself exempt from tax?

On the one hand, it may be argued that the language used by the legislature is all-inclusive, except as to liquid fuels consumed by the Federal Government, and that by specifically exempting fuels consumed by the Federal Government without exempting those consumed by the State, the legislature indicated an intention to have the tax paid on liquid fuels consumed by the State.

On the other hand, there is a strong presumption that the taxing power in the enactment of tax legislation did not intend to tax itself. This presumption is so strong as to be overcome only if the tax legislation specifically expresses the intention not to exempt the taxing power from the payment of tax. See Jones v. Tatham, 20 Pa. 398; Directors of the Poor v. School Directors, 42 Pa. 21; Erie County v. City of Erie, 113 Pa. 360; Pittsburgh v. Subdistrict School, 204 Pa. 635.

In the present instance, a large portion of the liquid fuels consumed by the Commonwealth is consumed by the Department of Highways, all of the expenses of which are paid out of the Motor License Fund. The proceeds of the liquid fuels tax are payable into the Motor License Fund. For collecting the tax compensation is payable to the dealers who do the collecting. It would be utterly ridiculous to pay compensation to dealers for collecting tax paid out of the Motor License Fund, which is forthwith repayable to the Motor License Fund, less the compensation paid.

Accordingly, we are of the opinion that, without expressly providing such an exemption, the legislature intended to exempt from tax all liquid fuels used by the Commonwealth of Pennsylvania and its agencies, and paid for out of State moneys, in whatever fund of the State Treasury they may be segregated. However, in our opinion, this exemption applies only to liquid fuels for which payment is made by the Commonwealth itself, and does not apply to liquid fuels consumed by any agency of the Commonwealth if paid for otherwise than by the Commonwealth. For example, liquid fuels consumed in automobiles owned by the State Workmen's Insurance Board are not exempt from tax, because the expenses of this board are not paid by the Commonwealth but out of the moneys paid into the State Workmen's Insurance Fund by the holders of policies issued by the board.

5. Are liquid fuels consumed by political subdivisions of the Commonwealth exempt from tax?

Under date of Dec. 21, 1921, the Attorney-General rendered an opinion to the Auditor General, holding that liquid fuels consumed by political subdivisions of the Commonwealth were not subject to the tax imposed by the Liquid Fuels Tax Act of May 20, 1921, P. L. 1021.

The reasoning upon which this exemption was held to exist was that: ". . . If . . . the tax be collected upon gasoline sold to a municipality for use in motor vehicles operated by it in the exercise of its public functions, it is paid by the municipality out of public moneys raised by taxation only to be paid out again in taxes to the Commonwealth."

We are of the opinion that liquid fuels consumed by municipalities, counties, school districts and other political subdivisions of Pennsylvania are subject to tax. While all of these political subdivisions are supported out of revenue raised by taxation, the sources of tax from which they derive their revenue are entirely different from the sources from which the Commonwealth derives its revenue; and, in any event, the proceeds of the collection of the tax on liquid fuels are not, under present legislation, intermingled with the general revenues of the Commonwealth, but are held separate and apart to be used exclusively for highway work.

It is true that in the cases cited in discussing the exemption of the Commonwealth from tax on liquid fuels consumed by it and its agencies, the Supreme Court held that there is a presumption that the legislature intended to exempt from tax property owned by a municipality and used for public purposes, as well as property owned by the Commonwealth. All of these cases involved the legislature's intention in the enactment of legislation taxing or authorizing the taxation of *property*. There is no case decided by the courts of this State holding that there is a presumed like exemption from a tax on sales or a tax on consumption; and, in our judgment, the principle upon which exemption from a property tax is presumed does not apply in the case of the tax on liquid fuels.

As already stated, in Act No. 405 the legislature expressly provided that "the tax hereby imposed shall apply to all liquid fuels sold or used within this Commonwealth, excepting such transactions in interstate or foreign commerce as are not within the taxing power of the State."

The imposition of a tax upon liquid fuels sold to or consumed by a political subdivision of the State is within its taxing power; and we cannot find any justification for presuming that the legislature, notwithstanding the all-inclusive statement quoted, intended to exempt from taxation liquid fuels used by municipalities, counties, school districts and other political subdivisions.

6. Are liquid fuels consumed by State-owned institutions exempt?

All of these institutions are conducted either by departments or by departmental administrative boards and commissions of the State government under the provisions of the Administrative Code of 1929 (Act No. 175, approved April 9, 1929). All of them are supported entirely out of State appropriations. Any liquid fuels consumed by them are, therefore, consumed by the Commonwealth and are exempt from taxation for the reasons already stated under subdivision 4 of this opinion.

7. Are liquid fuels consumed by State-aided institutions, Pennsylvania State College and volunteer fire departments exempt from tax?

Only the legislature could exempt State-aided institutions and volunteer fire companies from liquid fuels tax. It has not done so specifically, and there is no presumption of exemption as in the case of the Commonwealth itself. Accordingly, you cannot allow exemptions in these cases.

Under date of Feb. 7, 1929, this department, in an opinion addressed to Hon. Virgil E. Bennett, Deputy Auditor General, reached the conclusion that Pennsylvania State College is not a State institution.

As a State-aided institution, Pennsylvania State College is subject to liquid fuels tax, just as all other such institutions are subject to tax.

8. To summarize, we advise you:

1. That within the meaning of Act No. 460, approved May 3, 1929, "motor vehicles" refer to those vehicles which come within the definition of motor vehicles contained in Act No. 403, approved May 1, 1929.

2. That naphtha and benzine used exclusively for dry cleaning purposes are subject to tax.

3. That the only liquid fuels exempt from tax under Act No. 405, approved May 1, 1929, are those consumed by the United States or any department, board, commission or other agency or instrumentality thereof, and those consumed by the Commonwealth of Pennsylvania and paid for out of State funds.

From C. P. Addams, Harrisburg, Pa.