## Lewistown School District's Appeal

*Robert Stuckenrath*, for appellant.

*H. O. Lantz*, for appellee.

UTTLEY, P. J., April 9, 1935—This is an appeal of the School District of the Borough of Lewistown from the decision of the commissioners of Mifflin County, sitting as a board of revision, refusing to sustain the appeal of said school district from an assessment of $1,000 on a tract or piece of land owned by it and to declare the same exempt by law from taxation.

The property in question consists of a piece or tract of land, situate in the seventh ward of the Borough of Lewistown, approximately two hundred yards from the junior and senior high school buildings and purchased by said school district in 1934.

The only evidence before the court consists of the testimony of the physical director, the teacher of health, and the faculty director of athletics of the junior and senior high school in the Borough of Lewistown and a survey of the school district of said borough recently made.

So far as we are able to ascertain from the evidence the land in question was purchased for the purpose of erecting thereon an additional grade school building and using the remainder in connection with the high schools of said district for physical education and recreation purposes.

678

No building has yet been erected on this land, but it has already been and is now being used in the physical education of the pupils in the junior and senior high school and for recreational purposes, in connection therewith.

Under the School Code of May 18, 1911, P. L. 309, it has been held that the necessity for the purchase of land, and the determination of the purposes to which it should be devoted, is lodged with the directors of the school district who are authorized to construct not only the building itself, but to provide also for adjoining grounds to be used for play and recreation: Wilkinsburg Borough v. School Dist., 298 Pa. 193.

It has also been the law in Pennsylvania that the property of the municipal subdivisions of the State, which includes a school district, cannot be assessed unless some statute expressly so provides and no exemption law is needed to relieve lands held for public purposes from such charges: The County of Erie v. The City of Erie, 113 Pa. 360; Robb v. Philadelphia, 25 Pa. Superior Ct. 343; Reading v. Berks County, 22 Pa. Superior Ct. 373.

While it was unnecessary to relieve the property of school districts from taxation, the School Code of 1911 did expressly exempt all property of school districts used for school and recreation or other purposes: Wilkinsburg Borough v. School Dist., 298 Pa. 193.

Before the land of a school district can be assessed and made liable for taxation, it must appear that it was secured and devoted to other than educational and allied purposes: Wilkinsburg Borough v. School Dist., supra. The ground in question here was secured for the purpose of erecting a grade school thereon and for physical education and recreation purposes. There is evidence that this land was used during the fall of 1934, for high school football games at which admissions were charged. There is, however, nothing before the court to show the number of these games, or the number and amount of the admissions thereto, or that they were other than a part of the regular athletic activities, connected with every public high school, in a school district the size of Lewistown. They were incidental to the educational and allied purposes for which the land in question was secured and to which it was being devoted, just as the occasional dramatic performances and other entertainments by the students in the auditorium of the high school, at which admissions are charged, are incidental to the main educational purpose of the high school building. Public property used for public purposes is exempt from taxation even though income is derived from the occasional use thereof for other than public purposes: National Guard v. Tener, 13 W. N. C. 310; City of Chester v. Chester City School Dist., 15 D. & C. 85.

We are of the opinion that the evidence in this case is not sufficient to take it out of the rule that municipal subdivisions of the State cannot be assessed for taxation unless some statute expressly so provides and that the real estate in question is therefore exempt from taxation.

## Decree

Now, April 9, 1935, after due consideration, the within appeal of the School District of the Borough of Lewistown from the decision of the commissioners of Mifflin County, sitting as a board of revision, is hereby sustained and the real estate of the School District of the Borough of Lewistown, mentioned in the within proceedings, is hereby declared to be exempt from taxation and stricken from the assessment list of the seventh ward of the Borough of Lewistown. The costs of this proceeding to be paid by the County of Mifflin.