## Local Taxation of Commonwealth Property

RENO, Attorney General, March 20, 1939.—We have your request for an opinion, whether a single dwelling acquired by the Commonwealth through the Department

of Revenue and now rented by the Commonwealth to individuals for a residence may be taxed by the School District and the Borough of Langhorne. You advise that this property was acquired at sheriff's sale in 1937 to satisfy a debt due by the owner to the Commonwealth, and that it has been assessed for the year 1938 for school and borough purposes. The tax collector is demanding payment of the school and borough taxes from the Commonwealth, claiming that since "This property is being used and rented for residence purposes [it is to be] therefore classed as a commercial item which is a taxable property."

Article IX of the Constitution of Pennsylvania, PS Const. p. 376, provides, so far as pertinent to the question here involved, as follows:

"Section 1. Taxes to be uniform; exemptions

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines." And at page 393:

"Sec. 2. Exemption from taxation limited

"All laws exempting property from taxation, other than the property above enumerated shall be void."

In The County of Erie v. The City of Erie, 113 Pa. 360, 367, Mr. Justice Green, in discussing the above-quoted provisions of the Constitution, said:

"This section does not declare that all property whether public or private shall be subject to taxation nor does it contain any equivalent provision. It does however direct that 'all taxes . . . shall be levied and collected under general laws.' This certainly means that the legislative

power of the Commonwealth shall provide the necessary legislation for levying and collecting all taxes . . .".

Carrying out the constitutional mandate, the legislature has passed a succession of statutes, culminating in The General County Assessment Law of May 22, 1933, P. L. 853, the relevent provisions of which are:

"Section 201. Subjects of Taxation Enumerated.—The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation. . . .

"Section 204. Exemptions from Taxation.—The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit . . .

"(g) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same".

Does this act of assembly authorize the taxing authorities of municipalities to levy and assess taxes for local purposes against real property within their boundaries owned by the Commonwealth without regard to the use to which the Commonwealth puts it? We think not.

It is a well-settled principle that the sovereign is not within the laws laid down for the government of its subjects, unless it is specifically named in such statutes. In Jones v. Tatham, 20 Pa. 398, 411, it was said:

"Words of a statute applying to private rights do not affect those of the state. This principle is well established, and is indispensable to the security of the public rights. The general business of the legislative power is to establish laws for individuals, not for the sovereign; and,

when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily applied . . .".

In Endlich on Interpretation of Statutes §161, the controlling principle of law in this case is stated as follows:

"On probably similar ground rests the rule commonly stated in the form that the Crown is not bound by a statute unless named in it. It has been said that the law is prima facie presumed to be made for subjects only (a), [that 'the general business of the legislative power is to establish laws for individuals, not for the sovereign.'] At all events, the Crown is not reached except by express words, or by necessary implication, in any case where it would be ousted of an existing prerogàtive or interest (b). It is presumed that the Legislature does not intend to deprive the Crown of any prerogative, right or property, unless it expresses its intention to do so in explicit terms, or makes the inference irresistible. Where, therefore, the language of the statute is general, and in its wide and natural sense would divest or take away any prerogative or right, [titles or interests] from the Crown, it is construed so as to exclude that effect".

To the same effect see Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635, 641, Puloka v. Commonwealth of Pa. et al., 43 Dauph. 112, The County of Erie v. The City of Erie, supra, Baker et al. v. Kirschnek et al., 317 Pa. 225, and Directors of the Poor of Schuylkill County v. School Directors of North Manheim Twp., 42 Pa. 21, 25, where it was said:

"The public is never subject to tax laws, and no portion of it can be without express statute. No exemption law is needed for any public property, held as such . . .".

The taxing power is an attribute of sovereignty. Municipal subdivisions, such as counties, cities, boroughs, and school districts, have no inherent power to tax property within their territory, but all such power as they possess was obtained by grant from the sovereign. It

would be an anomaly, to say the least, if a grant by the sovereign to one of its creatures, such as a borough, to tax the property of the subjects of the sovereign within such borough, were recognized as a grant to tax the property of the sovereign, in the absence of language which expressly, or by necessary implication, confers such power. The General County Assessment Law contains no such language and cannot be so construed.

Assuming for the sake of argument that the General County Assessment Law confers upon municipalities the power to tax real estate owned by the Commonwealth, still this property could not be taxed under clause (g) of the act exempting "all other public property used for public purposes" from taxation by municipalities. It is a governmental function, and therefore a public purpose, to care for the indigent and mentally defective: Commonweath ex rel. v. Liveright, etc., et al., 308 Pa. 35. This property is simply substituted for the time being for the public funds expended for a public purpose, namely, the maintenance and support of an indigent person, and the fact that the Commonwealth for the time being receives rent for the property instead of interest on the fund which the property now represents does not change the situation.

However, we do not rest our conclusion on the ground that this property is exempt from taxation under the statute, but on the firmer ground of want of power in any municipality to tax real property of the State under the law as it now stands, without regard to the use to which such property is put. All such assessments are ultra vires and void.

We are of the opinion, and you are accordingly advised, that the assessment of the property of the Commonwealth by the School District and the Borough of Langhorne is void and imposes no liability upon the property or upon the Commonwealth to pay the taxes claimed, and payment thereof should be refused.